## CLARKE *vs.* THE ROCHESTER, LOCKPORT AND NIAGARA FALLS RAILROAD COMPANY.

The sections of the general railroad act, providing that the corporations subject to that act shall erect and maintain fences on the sides of their road, and "farm crossings for the use of the proprietors of land adjoining such railroad," make no distinction, in terms, in respect to this duty to make crossings, between cases in which the lands of the corporation, occupied by the road, were obtained by agreement with, and conveyance from, the owners, and those in which title was acquired by the compulsory proceedings authorized by the act; and none was intended, by the legislature.

Neither is the provision for making crossings, in terms, limited to cases where the adjoining proprietors have farms, or any particular quantity of land, to be benefited by the crossings; and if there is any limitation, in cases within the language employed, to be imposed by construction, it is merely that the crossings must be useful.

An action for a specific performance is an appeal to the equitable jurisdiction of the court; the relief is matter not of absolute right in the party, but of sound discretion in the court; and to sustain such an action the granting of the relief must appear to be entirely equitable.

The court will never compel a performance specifically when, looking at all the circumstances on both sides, it is apparent that injustice would thereby be done.

Where the plaintiff conveyed to the defendants a strip of land six rods wide, run-

Clarke *v.* Rochester, Lockport and N. Falls Railroad Co.

ning through his village lot, for the track of their railroad, without reserving the right of crossing the same, and they constructed an embankment on said strip of land, fifteen feet high, which rendered access to a portion of said lot, and the passage from one parcel to the other, difficult and inconvenient, but it appeared that the unsold portion of the lot was of small value, and that the expense of making a crossing would much exceed the value thereof to the plaintiff; and there were no special circumstances shown, in regard to the manner of using the land, rendering a crossing necessary; *Held,* that this was not a case in which the court ought to adjudge a specific performance, by the defendants, of the duty imposed upon them by the statute, to construct a crossing; but that the plaintiff should be left to his remedy for damages. JOHN-SON, J., dissented.

APPEAL by the defendants from a judgment entered at a special term. The complaint alleged that on the 20th of September, 1851, the plaintiff, being seised and posessed of a village lot in East Holley, he, in pursuance of an agreement previously made with the defendants, sold and conveyed to them a strip of said land fifty feet in width, running easterly and westerly through the same, for the purpose of constructing their railroad thereon. That during the summer of 1851 the defendants proceeded to build through said land, on the strip aforesaid, an embankment for the track of their railroad, about fifteen feet in height, and since then had completed their track thereon, and were in the daily use of the same ; that about one half of said land of the plaintiff, and a very valuable portion thereof, containing nearly or quite thirty square rods, lies on the south side of said embankment, and the remaining part on the north side of said embankment ; that the only street or highway, or right of way, passing to or from or on to said land, or which had existed while the plaintiff had owned said land, was a public highway along the north boundary of said land ; that the embankment and railroad entirely cut off all access by the plaintiff to that portion of his land lying south of said railroad ; that he had no means by which to get into the same except by clambering over said embankment, or going through the contiguous lands of his neighbors, by their license or permission. The plaintiff further stated that, at the time of the execution and delivery of the said grant to the defendants, the plaintiff informed and notified said

company that he should insist upon, and must have constructed for his use, a convenient passage through said embankment to to the said land lying south thereof. And the plaintiff alleged that it was quite feasible to construct a sufficient and convenient passage through said embankment, at small expense, for the use of the plaintiff, and that a passage over said embankment would be greatly inconvenient and dangerous both to the plaintiff and defendants; that since the construction of the said embankment he proceeded, on account of the default in that respect of the defendants, to open a passage through said embankment, but he was prevented from completing the same by the interference and hindrances of the defendants, and by threats to prosecute him for injuring their property if he should persist in, or repeat his attempt to open, said passage; that he had repeatedly since then, and before the commencement of this action, demanded of the defendants that they open for him a convenient passage through said embankment, which they had neglected and refused to do. The plaintiff further alleged that, by reason of the premises, he had been deprived of the use and occupation of his land situate south of said embankment, and thereby sustained damage in the sum of one hundred dollars. He therefore demanded judgment against the defendants, that they build and maintain through said embankment a convenient passage from the north to the south part of said land of the plaintiff, for his use; and that they pay to him one hundred dollars for his damages aforesaid, and for other or such further relief, &c.

The defendants, by their answer, alleged that the plaintiff, by deed bearing date the 11th day of June, 1851, and duly acknowledged on the 24th day of the same month, sold and conveyed to the defendants, for the consideration of one hundred and seventy-five dollars, a certain parcel of land for the purposes of their railroad, and situate in the village of Holley; the same being a strip of land six rods in width, and extending easterly and westerly through a village lot owned by the plaintiff, the part so conveyed containing about twenty-seven hundredths of an acre. But they denied that at the time of the execution or delivery of the aforesaid deed, or at any other time, the plaintiff informed or notified

Clarke *v.* Rochester, Lockport and N. Falls Railroad Co.

the said company that he should insist upon, and must have constructed for his use, a passage through the railroad embankment to the land lying south thereof. They alleged that at the time of the purchase of the aforesaid parcel of land, and at the time of the execution and delivery of the conveyance thereof to the defendants, it was expressly understood and agreed by and between the parties, and for the consideration mentioned therein, that no road, crossing or passage way should be constructed or required, through or over said embankment, for the use of the plaintiff; and that the plaintiff reserved no right to such passage by his deed, or otherwise.

On the trial, at the Monroe circuit, in May, 1853, before Justice Johnson, the deed from the plaintiff to the defendants, of the strip of land mentioned in the pleadings, was produced and read in evidence. It was admitted that the defendants were a railroad corporation duly incorporated by the laws of this state, and that they had constructed an embankment upon the land conveyed by said deed, upon which their railroad was laid, about fifteen feet in height; that the plaintiff was the owner of the remainder of the vacant lot, on the north side of the premises conveyed by him to the defendants, about six rods deep, and on the south side about eight rods deep; and that the defendants had refused to permit him to excavate their embankment for the purpose of making a passage way under their track from one of said lots to the other. The plaintiff here rested his case, and the counsel for the defendants applied to the court to nonsuit the plaintiff, or dismiss the complaint, which application was refused by the court, and the defendants' counsel took an exception.

The defendants produced in evidence a receipt, signed by the plaintiff's agent, for $175, the price of the land sold to them, and for his damages, dated Sept. 26, 1851. The justice rendered a judgment, by which it was ordered, adjudged and decreed, that the defendants should, within thirty days, build and construct and maintain, by excavation and construction under their railroad track, upon the lot of the plaintiff described in the complaint, a convenient and substantial farm crossing for the use of the plaintiff and his heirs and assigns, to continue appurtenant to said

Clarke v. Rochester, Lockport and N. Falls Railroad Co.

lot as an easement. And that in case the defendants should neglect and omit, during the said period of thirty days, to build and construct the said farm crossing, the plaintiff should be permitted to build and construct the same in manner aforesaid; and he was thereby decreed and adjudged to have a right of entry on said railroad within the limits of the aforesaid lot, for that purpose. And the defendants were directed to pay to him the costs and expenses thereof, to be ascertained and determined by a referee; and that the costs and disbursements of the proceedings before said referee be adjusted by the clerk of the county of Monroe, and judgment be entered for the amount reported by such referee in favor of the plaintiff, against the defendants, together with such costs and disbursements. The defendants were allowed, however, within fifteen days, to elect that such crossing should not be constructed, and to serve notice upon the plaintiff's attorney that they so elected; and that they further elected to have an appraisal of the damages of the plaintiff by reason of being wholly deprived of such crossing. And in that case it was ordered, adjudged and decreed, that said crossing should not be constructed, and that it be referred to three referees, to be named by this court, who should hear the proofs and allegations of the respective parties, and determine the damages which the plaintiff would sustain by reason of being wholly deprived of said crossing, and a just compensation to him therefor.

E. P. Smith, for the appellants.

J. H. Martindale, for the respondent.

T. R. Strong, J. The general act to authorize the formation of railroad corporations and to regulate the same, to the duties imposed by which the defendants are subject, provides that the corporations subject thereto shall erect and maintain fences on the sides of their road, and "farm crossings for the use of the proprietors of land adjoining such railroad." (Laws of 1850, p. 211, §§ 50, 49, 44.) No distinction is made, in terms,

in respect to this duty to make crossings, between cases in which the lands of the corporation, occupied by their road, were obtained by agreement with and conveyance from the owners, and those in which title was acquired by the compulsory proceedings provided for by the act; and I think none was intended by the legislature. Nor is this provision, for making crossings, in terms limited to cases where the adjoining proprietors have farms, or any particular quantity of land to be benefited by the crossings; and if there is any limitation in cases within the language employed, to be imposed by construction, it is merely that the crossings must be useful.

In the present case I am satisfied that the defendants are under a legal obligation to make such a crossing as is intended by the statute, for the use of the plaintiff; and probably an under crossing only would be suitable. But it does not necessarily follow that because such an obligation upon the defendants to the plaintiff exists, which they have refused to perform, the plaintiff is entitled to a judgment for a specific performance of it. An action for a specific performance is an appeal to the equitable jurisdiction of the court—the relief is matter not of absolute right in the party, but of sound discretion in the court; and to sustain such an action the granting of such relief must appear to be entirely equitable. The court will never compel a performance specifically when, looking at all the circumstances on both sides, it is apparent that injustice would thereby be done. In this case the lands in respect to which a crossing is sought are two parcels of a small village lot, separated by a conveyance from the plaintiff to the defendants, for the use of their road, of a small strip through the lot, which parcels are not occupied by any building, and of the value of which there is no direct evidence; but from the sum paid for the portion conveyed to the defendant, and for damages, it may fairly be concluded that it is small; no special circumstances, in regard to the manner in which the land has been or may be used, rendering a crossing necessary, are shown; and if an under crossing is to be made and maintained it must be constructed in a permanent manner, through an embankment about fifteen feet in height, the expense

Clarke *v.* Rochester, Lockport and N. Falls Railroad Co.

of which, it is manifest, would much exceed the value of such a crossing to the plaintiff. The case is therefore one in which there is not only an absence of proof, that the enforcement of the performance of the alledged duty would be equitable, but it is affirmatively proved that it would be inequitable. The learned justice before whom this action was tried appears to have entertained the view, that the burthen of performing the duty would be greatly disproportioned to the value of the land to be benefited by its performance. This is evident, not only from the opinion delivered by him, but from the provisions of the judgment, giving the defendants an election to pay the damages for not making a crossing, and, in case of their so electing, relieving them from the obligation to make it, and directing a reference to ascertain the damages. Under the circumstances of the case, I think it clear that the court ought not to adjudge a specific performance, and that the plaintiff should be left to his remedy for damages. If the judgment for a specific performance is erroneous, the error is not cured by the election which is given to the defendants.

Under the practice of the late court of chancery, in cases like the present, if it now prevailed, the complaint in this case would be dismissed; it would not be retained to allow the plaintiff compensation in damages. (*Story's Eq. Jur.* §§ 794 *to* 800. *Morss* v. *Elmendorf*, 11 *Paige*, 277.) But under the code the plaintiff is, I think, entitled to assert his claim for damages in this action.

The judgment is therefore reversed, and a new trial granted, to be had before a jury, with costs to abide the event; except that the plaintiff is in no event to have costs of the appeal.

GRAY, J., concurred.

JOHNSON, J., dissented.

New trial granted.

[MONROE GENERAL TERM, September 4, 1854. *Johnson, Gray*, and *T. R. Strong*, Justices.]