CLARENCE R. CONGER, Individually and as Trustee, etc., et al., Appellants, v. THE NEW YORK, WEST SHORE AND BUFFALO RAILROAD COMPANY, Respondent.

The enforcement of specific performance of a contract is discretionary with the court, and performance will not be decreed where it will result in great hardship and injustice to one party without any considerable benefit to the other, or in a case where the public interest would be prejudiced thereby.

H., plaintiffs' grantor, granted to the J. C. & A. R. Co. a right of way across certain premises, upon the condition among others, that it would locate a station at a certain point thereon and stop thereat five express trains each way daily. Defendant entered upon said premises and constructed its road-bed across the same, but did not construct the station or stop its trains. In an action to compel specific performance of the condition, the court found upon sufficient evidence, that a suitable station could be built at said point only at a considerable expense on account of the nature of the ground, it being at the mouth of a long tunnel and at

a sharp curve upon defendant's road, upon the side of a steep mountain, approached by steep grades in both directions, and in a sparsely settled locality; that a station there would be of very little if any benefit to plaintiffs, and the public convenience would not be promoted thereby, but the public travel would be delayed. *Held,* that a judgment denying the relief sought, and remanding plaintiffs to their action for damages for a breach of contract, was proper.

Reported below, 45 Hun, 296.

(Argued February 26, 1890; decided March 18, 1890.)

APPEAL from a judgment of the General Term of the Supreme Court of the second judicial department, entered upon an order made July 2, 1887, which affirmed a judgment in favor of defendant entered upon the decision of the court on trial at Special Term.

The nature of the action and the facts are sufficiently stated in the opinion.

*Clarence R. Conger* for appellants.    The discretion vested in courts of equity to refuse to compel specific performance is not a personal or arbitrary discretion, but is limited to cases where the relief sought would, under the circumstances, be inequitable. (*Trustees, etc.,* v. *Thacher,* 87 N. Y. 311; *Trustees, etc.,* v. *Leech,* 70 id. 440.)    As no notice of change of route was made to plaintiffs, the defendant cannot profit by it here. (*Chapman* v. *M. R., etc., R. R. Co.,* 6 Ohio St. 119; *People ex rel.* v. *L. & B. R. R. Co.,* 13 Hun, 211.)    Defendant should not be allowed to impeach this contract. (*Viele* v. *T. & B. R. R. Co.,* 20 N. Y. 184.)

*Calvin Frost* for respondent.    The contract, if valid and binding upon defendant, ought not to be specifically enforced. (*Trustees, etc.,* v. *Thacher,* 87 N. Y. 317; *Davis* v. *Hone,* 2 Sch. & L. 348; *Murdfeldt* v. *N. Y., W. S. & B. R. R. Co.,* 102 N. Y. 703; *Day* v. *Hunt,* 112 id. 191; *Clark* v. *R., L. & N. F. R. R. Co.,* 18 Barb. 350; *Wademan* v. *A. & S. R. R. Co.,* 51 N. Y. 568.)    The court ought not to decree specific performance in this case, but should rather leave plaintiffs to their action for damages for breach of covenant, or to recover

possession of the lands and thus compel the defendant to assess damages by reason of the taking, in either of which cases full justice could be done both parties. (*Brackett* v. *Bates*, L. R. [1 Ch. App.] 112; *Gallagher* v. *F. R. R. Co.*, 38 Penn. St. 102; *Pusey* v. *Wright*, 31 id. 387; *P. C. R. R. Co.* v. *C. & T. R. R. Co.*, 13 Ohio, 544; *McCann* v. *S. N. S. R. R. Co.*, 2 Tenn. Ch. 733; *A. & W. P. R. R. Co.* v. *Spar*, 32 Ga. 550; *P. T. Co.* v. *D. & H. C. Co.*, 31 N. Y. 91.) The contract is against public policy and so void. (*F. E. P. R. Co.* v. *Pargon*, 15 N. Y. 583; *T. Co.* v. *North*, 1 Hill, 518; *M. & B. P. Road* v. *Snedeker*, 18 Barb. 317; *Dix* v. *Shaver*, 14 Hun, 392.)

Haight, J. This action was brought to compel a specific performance of a contract. The Jersey City and Albany Railway Company was incorporated for the purpose of constructing and operating a railroad from Fort Montgomery, in the county of Orange, to a point on the Hudson river opposite to the city of New York. As such incorporation it entered into a written agreement with one Catherine A. Hedges, the plaintiff's grantor, in and by the terms of which she gave to the company a right of way across her premises in Rockland county upon certain conditions, one of which was that the company should locate a station in the gorge commonly known as the Long Clove, and stop thereat five express trains each way daily. Subsequently the Jersey City and Albany Railway Company was consolidated with the North River Railway Company, under the name of the North River Railroad Company, and that company was consolidated with the defendant, which was incorporated for the purpose of constructing and operating a railroad from the New Jersey state line through the state of New York to the city of Buffalo.

The defendant has entered upon the lands of the said Catherine A. Hedges and constructed its road-bed across the same, but it has not constructed any station thereon in the Long Clove gorge or stopped any of its express trains thereat.

The trial court has found as facts that a suitable station for the accommodation of passengers and the receipt and delivery

of freight at the Long Clove gorge could be built by the defendant only at a considerable expense, because of the nature of the ground at that point; that the place where the plaintiffs demand that the station be located is near the mouth of a long tunnel and at a sharp curve in the defendant's railroad, upon the side of a steep mountain approached by steep grades in both directions; that it is sparsely settled, and if a station were established there, it would be of no use to the public; that very little, if any, benefit would result to the plaintiffs by the erection of a station or the stoppage of the trains thereat; that the public convenience would not be promoted, but the public travel would be delayed; and, as a conclusion of law, that a specific enforcement of the agreement would work hardship and injustice to the defendant, and such enforcement would not subserve the ends of justice; that specific performance should be denied and the plaintiffs left to their action for damages for a breach of the contract. The evidence sustains the findings of the trial court which have been affirmed by the General Term.

The questions for our consideration are, therefore, narrowed to a determination as to whether the conclusions of law reached are justified under the findings of fact.

It has become the well-settled doctrine of this court that the specific performance of a contract is discretionary with the court, and that performance will not be decreed where it will result in great hardship and injustice to one party, without any considerable gain or utility to the other, or in cases where the public interest would be prejudiced thereby. (*Clarke* v. *R. L. & N. F. R. R. Co.*, 18 Barb. 350; *Trustees of Columbia College* v. *Thacher*, 87 N. Y. 311–317; *Murdfeldt* v. *N. Y., W. S. & B. R. R. Co.*, 102 id. 703; *Day* v. *Hunt*, 112 id. 191–195.)

As we have seen, the Long Clove gorge is located upon the side of a steep mountain, in a sparsely settled district, and is approached by a steep grade, and that a passenger station with an approach thereat could be constructed only at a considerable expense. These are reasons worthy of consideration, but

if there were no others, the trial court might not have deemed them sufficient to refuse specific performance. But they are followed by another, which gives additional force and weight, and that is that public travel will be delayed by the stoppage of the trains, and that the public convenience will not be promoted.

The defendant is a corporation organized under the laws of the state, and is a common carrier of passengers and freight; its duties are largely of a public nature, and it is bound to so run its trains and operate its road as to promote the public interest and convenience, and in view of the fact that but little if any benefit would result to the plaintiffs by the erection of a station and the stoppage of trains thereat, as found by the trial court, it appears to us that that court properly refused to decree specific performance and remanded the plaintiffs to their action for damages.

The judgment should be affirmed, with costs.

All concur, except BROWN, J., not sitting.

Judgment affirmed.