Spear, C. J.
The defendant in error, Clara F. Wacht'er, is the owner in fee of a tract of about twenty acres of land lying partly in the county of Wood and partly in the county of Lucas. The railroad of the plaintiff in error passes through that portion of the land which is situate in Wood county, its right of way extending in an easterly and westerly direction, and being one hundred feet in width. The parties derive their rights from a common source of title, viz.: Gabriel Crane, father of defendant in error. The conveyance from Gabriel Crane, under which the Company claims, was executed March 20, 1854, to the predecessor of the present company, which immediately took possession and which it enjoyed without interruption as a right of way of a steam railroad until in the year 1863, when all its rights passed to the plaintiff in error, which company has had like possession and use since. The conveyance by Gabriel Crane is entitled “Release of Right of Way.” It is recited in the release on the part of said Crane that, “for the consideration of twelve hundred dollars and the advantages which may or will result to the public in general and myself in particular by the construction of the Dayton and Michigan Railroad, as now surveyed, or as *116 the same may be finally located, and for the purpose of facilitating the construction and completion of said work, do hereby for myself, my heirs, executors, administrators and assigns, release, relinquish, and forever quitclaim to the president and directors of The Dayton and Michigan Railroad Company, the right of way for so much of said railroad as may pass through the following described pieces, parcels or lots of land, to-wit: [here follows description.] Said right of way to be one hundred feet wide to extend across the two pieces and parcels of land above' •described. And I hereby further release and relinquish to the president and directors of The Dayton and Michigan Railroad Company all damages, right of damages, actions and causes of action, whatever, which I may sustain or be entitled to, by reason of anything connected with or consequent upon the location or construction of said work, or the repairing thereof, when finally established or completed. ’ ’ There is no reservation of any kind expressed in the release.
■ The right of way has been, during all of the time since the completion of the road in the year 1854, used in the operation of a railroad, passenger trains running daily in both directions at a high rate of speed; also freight trains at the usual rate, and for switching cars, and for no other purpose. A fence has been maintained since about the year 1867 on the southeast-line of the strip in which there has been no opening by gate, or bars, or otherwise. No crossing has at any time been constructed across said strip, nor has it ever been possible. Plaintiff cannot use a crossing in a public street, road, lane or highway, in passing from her land on one side of the defendant’s railroad to that on the other side without *117 great inconvenience. The plaintiff has occasion to cross the railroad at the point designated in her petition only during the daytime, and the number of trains passing, except switch trains, is about fourteen during that time. The plaintiff has fulfilled all the requirements of the statute as to notice and demand. Other facts appear in the record, but they are not regarded as essential to an understanding of the legal questions involved.
Upon this state of facts was the plaintiff below entitled to the relief prayed for? A large portion of the briefs of counsel is taken up with a discussion of the constitutionality of sections 3327 and 3328, Revised Statutes, which provide when private crossings must be built, and when the land-owner may build at the company’s expense, it being claimed on the part of the plaintiff in error that those sections undertake to authorize in effect the taking of private property for private purposes, and to deprive an owner of his property without due process of law, and are therefore in conflict with the first clause of section 19 of article 1 of our constitution, and with the third clause of the first section of the fourteenth amendment to the constitution of the United States. But, as we view the case, it is unnecessary to consider this question, (the plaintiff below not asking that the crossing be made at the Company’s expense), and a disposition of it is properly postponed until a case arises in which a decision of it becomes necessary.
Independent of the statute what are the respective rights of the parties ? The right of way of the Company is an easement. Washb. on E. & S., 4. It is, using exact language, a servitude imposed as a burden on the land. The conveyance from Crane in *118 terms specifies that it is a “release of a right of way,” and no question is made, and we presume none can he, that the right thus granted is not different from, nor greater than, that which would result from an appropriation proceeding under the statute. Platt v. Penna. Co., 43 Ohio St., 228; Clarke v. R. L. & N. E. R. Co., 18 Barb., 350. An easement implies necessarily a fee in another, and it follows that it is a right, by reason of such ownership, to use the land for a special purpose, and one not inconsistent with the general property in the land of the owner of the fee, his property rights, however, to be exercised in such way as not to unreasonably interfere with the special use for which the easement was acquired. Bouvier’s Law Dic., 631; Clarke v. Glidden, 60 Vt., 702. That special purpose is, in the present case, the construction and operation of a steam railroad. The corporation has taken and holds the property by virtue of its power of eminent domain, and the purpose must necessarily be a public purpose; else there would be no power under the constitution to clothe the corporation with such right. Adopting the language of Ranney, J., in Giesy v. C. W. & Z. R. R. Co., 4 Ohio St., 308, the private owner has yielded “the use of his property only to the public, and just so much, and no more, as will answer their purposes— the corporation being a mere trustee of the interest for their use, with no power to divert it to any other ■purpose or to- hold it one moment longer than it is made to serve the uses for which it was appropriated.” It cannot be assumed that it was the purpose of the vendor in selling or of the vendee in buying that any estate different from that which the Company was by its charter authorized to acquire and use, would be conferred upon the Company. No *119 reservation of a right to a crossing, it is true, was expressed in the release. Bnt none was necessary. From the character of the paper, and the relation of the parties, and the nature of the transaction, such reservation springs out of the contract and is implied in law. Hence the construction of a crossing is not a taking of the property of another. It is but the enforcement of a right not granted, but remaining in the vendor. Nor does the paragraph of the release releasing damages which might arise by reason of the location or construction or repair of the work qualify, or in any way affect, this legal conclusion. The action is not one for damages.
It is insisted in argument that the case presented a question of common law way of necessity, and Meredith v. Frank, 56 Ohio St., 479, is cited to the proposition that one cannot derogate from his grant. But the conveyance about which the court was speaking in the case cited was a deed in fee simple purporting to convey all the grantor’s interest, and to clothe the grantee with an unqualified and absolute title to the land. The general rule, as stated, is recognized in the above case, and is conceded, but we have an essentially different case. The claim of the plaintiff below does not derogate from the release of Grabriel Crane, but is entirely consistent with it.
The statute of limitations of twenty-one years is pleaded, and is insisted upon. It is true that more than twenty-one years have elapsed since the plaintiff in error went into possession, and that no demand for a crossing was made until the commencement of suit below. But there is, as we think, a complete answer to that claim in the fact that the possession of the corporation was not adverse. It was, on the other hand, enjoyed for the purpose of an *120 easement only, and such use is entirely consistent with the continued ownership and right of the owner of the fee. It is true, also, that a fence was constructed without gate or other opening in it some thirty-five years since on the southeast line of the right of way. This was, however, after the enactment of the fencing statute of March 25,1859, and is. clearly referable to the compulsory duty by that statute enjoined and does not indicate a claim of adverse-possession.
It is manifest that the plea of the statute, if good" goes to every right of the owner of the fee. If it can be successfully urged against a right to a crossing, it can by the same line of reasoning prevail against the right of reversion in case of abandonment. It is. not good against either.
There was, therefore, presented to the trial court, the issue as a question of fact whether or not the demand of the plaintiff for a right to construct a private crossing was a reasonable exercise of her rights as owner of the fee. The court necessarily had. to consider all the circumstances and determine from, a consideration of the whole case whether the maintaining of her claim would unreasonably interfere with the business of the Company in operating its road. If it did. a denial of the prayer of the petition would follow; if it did not, a decree granting the prayer would be proper. The court reached the latter conclusion, and we accept it as settling the question of fact, and, as a consequence, the rights of the-parties.
The case is here treated somewhat briefly, and in the form of statement rather, than argument and extended citation of authorities, because it has seemed to us that its determination rests upon the ap *121 plication of simple, elementary principles, well settled in this state. Also, from the further fact that all the essential propositions were disposed of by this-court adversely to the claim of plaintiff in error in Railroad Co. v. Mitchell & Rowland Lumber Co., 59 Ohio St., 607, in which case the judgment of the circuit court of Lucas county, affirming that of the common pleas, was affirmed without, however, passing on the validity of the statute. The original case will he found reported in 6 Dec., 135; 3 O. N. P., 231.
The judgment of the circuit court will be

Affirmed.

Shauck, Crew and Summers, JJ., concur.