## LANEY v. LANEY.

*(Supreme Court, General Term, Fifth Department. June, 1892.)*

VOLUNTARY PAYMENTS.

> Where an administrator, with full knowledge of the facts, voluntarily pays to the beneficiary of the estate the amount of rents belonging to the estate, but which he has no authority to collect, he cannot recover them back.

Appeal from judgment on report of referee.

Action by Enos G. Laney individually and as administrator of James Laney, deceased, against Mary K. Laney. From a judgment for plaintiff, defendant appeals. Reversed.

For decision on appeal from interlocutory judgment, overruling demurrer to the complaint, see 11 N. Y. Supp. 319.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Q. Van Voorhis, for appellant. Fred W. Smith, for respondent.

LEWIS, J. We agree with the conclusions of the learned referee, with the exception that we think he should have deducted from the advances made to the defendant by the plaintiff the items of the rent of the Elm street house, occupied by the plaintiff. The referee correctly held that the plaintiff was not entitled to recover of the defendant the payments made to her which were represented by the rents of the real estate owned by the estate of James Laney, deceased, which had been occupied by the firm of Laney & Co. and by Mr. Barker. These rents were not actually paid to the plaintiff by the firm or by Mr. Barker, but, as they came due, by a system of bookkeeping adopted by the plaintiff, he in effect charged himself with the rents of the several pieces of real estate belonging to the estate and occupied by the firm, by Mr. Barker, and by himself, respectively. He did not pay his rent as it came due in any way except by charging himself with it on the books of the firm of Laney & Co., of which firm the plaintiff and Barker were members, and in which the estate of James Laney was interested. There was no distinction made, so far as the entries in the books were concerned, between the rentals owing by the firm, by Mr. Barker, and by the plaintiff. He paid to the defendant money from time to time as she called for it, and charged her with it. The referee found upon evidence sustaining his finding that these advances were made by the plaintiff under circumstances entitling him to recover them of the defendant, with the exception of so much of said advances as equals the aggregate of the rentals of the real estate aforesaid occupied by the firm of Laney & Co. and Mr. Barker, amounting to $13,122.50. He did not deduct from the advances the amount of the rent of the house the plaintiff had occupied, being the sum of $1,560 and interest. The referee very properly held that, as the plaintiff had no authority to collect the rents, but, having charged himself with them, and assumed to pay them to the defendant, knowing all the facts of the case, the payments must be considered as having been made voluntarily, and that he could not recover them of the defendant. The facts upon which the referee based this finding came from the plaintiff as a witness. He testified that he charged himself with the rents as they came due, and paid them to the defendant. He testified that he charged himself with the rent of the house belonging to the estate, which he occupied, upon the firm books, in the same manner as he charged the other rents mentioned, received from the other real estate, and he paid it to the defendant just as he paid the other rents as rents, understanding, so he testified, that he had the right to collect

the rents and pay them to Mrs. Laney. Having paid the rents to the defendant voluntarily in every instance, and there being no express or implied agreement for their repayment, we find no reason for permitting the plaintiff to recover the payments made represented by the rent of the house occupied by himself. James Laney died on the 1st day of March, 1885, and the referee finds that the rent of the Elm street house occupied by plaintiff amounted, after the death of Laney and before the 1st of February, 1887, to $1,170, and that subsequent to that date it was $390, making an aggregate of $1,560. The account of rents produced by the plaintiff shows that the part of the rents which go to make up the $1,170 fell due before the death of Mr. Laney. The error is not important, as the plaintiff testified that the rent of the Elm street house occupied by him appeared in that account as rent received after Mr. Laney's death, and was paid by him to the defendant as so much rent received. The principle adopted by the referee in the computation of interest on the accounts requires that there should be added to this sum of $1,560 four years' interest, amounting to $374.40, making in all $1,934.40, which should be deducted from the $7,546.44, found by the referee as the sum for which the plaintiff was entitled to judgment against the defendant. The finding of the referee that the payments to the defendant by checks amounted to $23,650 is correct, as the addition of the items of the amount will show. He was in error when he found, at the request of the defendant's counsel, that they aggregated but $23,050.

The judgment should be reversed, and a new trial granted, with costs to abide the event, unless the plaintiff stipulate to deduct from the amount of his recovery the sum of $1,934.40; but, in case the plaintiff give the stipulation suggested, the judgment should be affirmed for the sum of $5,612.04 damages, with interest thereon from the 1st day of August, 1891, and for that amount affirmed, without costs of the appeal to either party. All concur.