GEORGE W. VAN ALLEN, Respondent, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY et al., Appellants.

The jurisdiction of a court of equity depends upon the position of the plaintiff and the relief he is entitled to at the time of the bringing of his action, and when the jurisdiction has once attached it is not affected by subsequent changes so long as any cause of action survives, although for that there may be an adequate remedy at law.

After the commencement of an action against an elevated railroad company, by the owner of premises abutting on a street through which said road runs, to restrain the operation and maintenance of the road upon the street and for damages, plaintiff sold and conveyed the premises, retaining no interest in them, and without, in terms, reserving the cause of action. Thereafter defendants' counsel, who was then ignorant of the fact of sale and conveyance, entered into a stipulation referring the issues in the action. On trial before the referee said counsel asked for a dismissal of the complaint because of the conveyance, on the ground that the only claim plaintiff had after the conveyance was for past damages, and for this he had an adequate remedy at law; the motion was denied. *Held*, no error; also (EARL, J., dissenting), that plaintiff was entitled to recover damages up to the time of the sale. (ANDREWS, Ch. J., PECKHAM and GRAY, JJ., concurring in result; they holding that the principle that a court of equity, having once obtained jurisdiction, could not be deprived thereof, upon the ground that the sole ground upon which plaintiff could invoke that equity had ceased to exist, so long as there remained any injury to be redressed, although as to that there might be an adequate remedy at law, did not apply where the party, by his own voluntary act, had withdrawn from the case the main fact which originally was the ground upon which equity jurisdiction attached; but holding that, by virtue of the stipulation, the action was properly proceeded with.)

*Held*, also, that defendants were not entitled to a jury trial, as they had waived it by the stipulation.

Reported below, 3 Misc. Rep. 53.

(Argued December 3, 1894; decided December 11, 1894.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made March 13, 1893, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Reuben Leslie Maynard* for appellants. The learned referee, having virtually dismissed the complaint as to the sole cause of action presented by the pleadings, erred in attempting to grant relief upon an incidental matter which did not constitute an issue in the action, and was not embraced within the order of reference, and as to which a right to a trial by jury existed. (*Lynch* v. *E. R. R. Co.*, 129 N. Y. 274; *Shepard* v. *E. R. Co.*, 131 id. 215; *McGean* v. *M. E. R. Co.*, 133 id. 11; *Hunter* v. *N. Y. E. R. Co.*, 141 id. 281; *U. S.* v. *Arredondo*, 6 Pet. 708; *Cornell* v. *Williams*, 20 Wall. 249; *Cooper* v. *Reynolds*, 10 id. 316; Code Civ. Pro. §§ 263, 968, 3339, 3343; *Peck* v. *Goodberlett*, 109 N. Y. 177; *Genet* v. *Howland*, 45 Barb. 560.)

*J. Aspinwall Hodge, Jr.*, for respondent. The propriety of the two orders denying the defendants' motions to vacate the order of reference cannot be raised upon this appeal. (Code Civ. Pro. § 1316; *Elliott* v. *Lewis*, 16 Hun, 581; *Hunt* v. *Chapman*, 62 N. Y. 333.) The defendants did not acquire any right to demand a jury trial, much less a dismissal of the complaint, by reason of the transfer of the property by the plaintiff during the pendency of the action. (*Denton* v. *Stewart*, 1 Cox, 258; *Cud* v. *Rutter*, 1 P. Wms. 570; *Gremanry* v. *Adams*, 13 Ves. 395, 400; *Painsbury* v. *Jones*, 5 M. & C. 1, 3; *Kempshall* v. *Stone*, 5 Johns. Ch. 193; *Woodcock* v. *Bennet*, 1 Cow. 711; *Holland* v. *Wooley*, L. R. [26 Ch. Div.] 578; *Cotton* v. *Wyld*, 32 Beav. 266; *Davenport* v. *Rylands*, 35 L. J. Rep. [Ch.] 204; *Betts* v. *Neilson*, L. R. [3 Ch.] 429; *Pratt* v. *Law*, 9 Cranch, 456, 494; *Mobile* v.

*Kimball,* 102 U. S. 691, 707; *Milkman* v. *Ordway,* 106 Mass. 232; *Taintor* v. *Cole,* 120 id. 162; *Wonson* v. *Fenno,* 129 id. 405; *N. Y. I. Co.* v. *N. W. Ins. Co.,* 23 N. Y. 357; *Cuff* v. *Dorland,* 55 Barb. 481, 496; *De Bemer* v. *Drew,* 39 How. Pr. 466, 472; *Beck* v. *Allison,* 56 N. Y. 366; *Ostrander* v. *Weber,* 114 id. 95, 102; *Hart* v. *Brown,* 6 Misc. Rep. 238; *McGean* v. *E. R. R. Co.,* 133 N. Y. 9; *Valentine* v. *Richardt,* 126 id. 272; *Van Rensselaer* v. *Van Rensselaer,* 113 id. 207; *W. J. J. Co.* v. *Hunt,* 66 Hun, 504.) If it is objected that some of the more recent English decisions which have been cited do not apply to the practice under the Code it is to be noted that, on the contrary, the practice in the English courts, to-day, is closely analagous to that under our Code. (*Sayers* v. *Collyer,* L. R. [28 Ch. Div.] 103; Pom. Eq. Juris. § 242; *Murtha* v. *Curley,* 90 N. Y. 372.) Any supposed right to a trial by jury was waived by the order of reference entered by consent and by failure to appeal from the orders denying motions to vacate it. (*Baird* v. *Mayor, etc.,* 74 N. Y. 382; *Winans* v. *Winans,* 124 id. 140; *Danziger* v. *E. R. R. Co.,* 81 Hun, 5; *Bloom* v. *N. N. B. S. Co.,* Id. 120.)

O'BRIEN, J. This was the usual action by the owner of real estate to restrain, by bill in equity, the further operation and maintenance of the defendant's elevated railroad, in front of his premises in East Thirty-fourth street, in the city of New York, and for the recovery of the damages caused thereby. The cause was referred by stipulation, and the referee reported that the plaintiff was not entitled to restrain the operation and maintenance of the road but to judgment for damages only. The defendants' counsel insists that upon the conceded facts the complaint should have been dismissed and judgment given for the defendants.

The issues were joined in the action on the 2d day of November, 1889. On the 15th day of December, 1890, the plaintiff conveyed the premises, retaining no interest in them, and without, in terms, reserving the cause of action. On the

10th of February, 1891, the counsel for the respective parties made a written stipulation referring the issues in the action to a referee to hear, try and determine, upon which an order of reference was duly entered, but the defendants' counsel was then ignorant of the fact that the plaintiff had conveyed. On learning that fact they made a motion to the court, in which the action was pending, to vacate the order, which was denied, and on appeal to the General Term the order denying the motion was affirmed. In this decision the defendants have apparently acquiesced, as no appeal was taken to this court. The cause was brought to trial before the referee on the 29th of January, 1892, and on the trial the defendants' counsel requested him to dismiss the complaint on the ground that the plaintiff had conveyed the property during the pendency of the action and there was no longer any basis for the maintenance of an action in equity by the plaintiff for an injunction, as that right had passed to his grantee. That the only claim that the plaintiff had, after the conveyance, was for past damages, and as to that there was an adequate remedy at law. The referee was also requested to send the case to a jury for trial. These several motions were denied, and the defendants excepted. The referee in his report held and decided that at the time of the commencement of the action, and down to the time of the conveyance, the plaintiff was entitled to the injunction prayed for in the complaint, but that right was lost by the conveyance while the suit was pending. He held, however, that the plaintiff was entitled to recover his damages from a date six years prior to the commencement of the action to the time of the conveyance, which he found to be $2,500, for which sum he directed judgment to be entered. To this finding and conclusion the defendants' counsel excepted. It was assumed by the judgment below that the plaintiff's right to prosecute the action for an injunction did not survive the conveyance, but passed to his grantee, and could thereafter be prosecuted only in his name. Counsel on both sides in the argument in this court have also assumed that this proposition is correct. So far as this case is con-

cerned we are relieved from any further examination of that question. (*McGean* v. *M. E. R. Co. et al.*, 133 N. Y. 9; Code, § 756.) The only point to be determined is whether the plaintiff had still the right to prosecute the action for the recovery of his damages. It is contended in behalf of the defendants that the right to the injunction was the only feature of the case that conferred jurisdiction originally upon a court of equity, and, since that element of the controversy has disappeared, in consequence of the conveyance, the referee should have dismissed the complaint. The facts showing the right to the injunction are undoubtedly the basis for equitable relief in such cases, and the claim for damages is an incident which equity draws into the litigation in order to prevent a multiplicity of suits and to completely adjust all the rights of the parties.

Of course it is not meant by this to assert that a claim for damages to real property is not in itself a complete and substantial cause of action. When united in the complaint with a cause of action which entitles the party to equitable relief by enjoining a trespass, or continuing injury to the same property, it then becomes an incident to the main relief not in itself sufficient to appeal to the peculiar jurisdiction pertaining to courts of equity. (*Lynch* v. *El. R. Co.*, 129 N. Y. 274; *Shepard* v. *El. R. Co.*, 131 id. 215; *McGean* v. *El. R. Co.*, *supra; Hunter* v. *El. R. Co.*, 141 N. Y. 281.)

The order of reference conferred power upon the referee to determine all the questions in the case, and this power was not affected by the fact which appeared upon the trial, that the right to the injunction, upon which alone the jurisdiction of equity depended, had been eliminated from the case by the conveyance. He could still go on and dispose of every claim which the plaintiff had and which was embraced within the allegations of the complaint, whether the claim was of a legal or equitable nature. The defendants were not entitled to a jury trial, for the reason that they had waived it by consenting that the claim for damages should be referred with the claim for an injunction, and the fact that the latter had been transferred

to another by the conveyance, at the trial or during the pendency of the action, did not deprive the referee of jurisdiction so long as any cause of action remained.  The right of trial by jury having been waived, there was no longer any question except whether the trial should be had in a court of law or a court of equity, and, since both remedies are now administered by the same court and under the same procedure, the defendants' contention related to forms and not to matters of substance, and was not material.

But, as the referee awarded damages that had accrued subsequent to the commencement of the action, it must be assumed that he treated the case as still equitable in its nature, and his decision is to the effect that the plaintiff was entitled, notwithstanding the conveyance, to relief in equity.

I think that his conclusion, in this respect, was correct and in accordance with the usual practice in equity, since the plaintiff would have been entitled to the same relief under the same circumstances had the trial taken place before the court at Special Term.

The plaintiff had the legal title to the premises at the time of the commencement of the action, and that the jurisdiction of equity then attached cannot be and is not questioned. The jurisdiction of equity depends upon the position of the plaintiff and the relief to which he is entitled at the time the suit is brought.  The measure of the relief is adapted to the situation at the time of the decree.  When the jurisdiction has once attached it is not affected by changes which occur subsequently, so long as any cause of action survives, upon the facts alleged, though such changes may affect the nature and extent of the relief to which the party may be entitled. No principle is better established or more frequently asserted than that when a court of equity has once acquired jurisdiction over a cause for any purpose, it may retain the cause for all purposes, and proceed to a final determination of all the matters at issue.  (*McGean* v. *M. E. R. Co.*, *supra*, p. 16; *Valentine* v. *Richardt*, 126 N. Y. 272.)  This feature of equity jurisdiction is well illustrated in actions for the specific per-

formance of contracts for the sale of lands, where it appears upon the trial that the defendant has, for some reason, always been unable to perform, but that fact was not known to the plaintiff at the time of the commencement of the action. In such cases the court will grant a decree for simple damages, because the plaintiff came into equity in good faith. (*Holland* v. *Worley*, 26 Ch. Div. 578; *Cotton* v. *Wyld*, 32 Beav. 266; *Betts* v. *Nielson*, L. R., 3 Ch. App. 429; *Pratt* v. *Law*, 9 Cranch, 456, 494; *Mobile* v. *Kimball*, 102 U. S. 691; *Milkman* v. *Ordway*, 106 Mass. 232; *Tainter* v. *Cole*, 120 id. 162; *Wonson* v. *Fenno*, 129 id. 405; *Ostrander* v. *Weber*, 114 N. Y. 95; *Beck* v. *Allison*, 56 id. 366; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 id. 357.) The sole ground upon which the plaintiff was permitted to invoke the jurisdiction of equity may no longer exist in consequence of events which have transpired subsequent to the commencement of the action, but that fact alone will not deprive the court of the jurisdiction which has once attached, so long as there still remains any injury to be redressed, though as to that there may be an adequate remedy at law. The court in such cases will not send the party to another tribunal for relief, but as in cases where the jurisdiction rests solely upon a demand to restrain the infringement of a patent which expired *pendente lite*, damages will be awarded. (*Beedle* v. *Bennett*, 122 U. S. 71, 75, and see *M'Rae* v. *L. B. & S. C. R. Co.*, 37 Law Jour. 267, cited in *Henderson* v. *N. Y. C. R. R.*, 78 N. Y. 423.) But some of my brethren are of the opinion that the principle does not apply where the party by his own voluntary act withdraws from the case the main fact which originally was the ground upon which equity jurisdiction attached, and they prefer to rest the judgment upon the defendants' stipulation to refer, which was so drawn, apparently, as to give consent to a trial before the referee of either the legal or equitable cause of action, or both. I have already said that the stipulation was sufficient to authorize the referee to try a cause of action, purely legal in its nature, but in order to authorize an award of damages, coming down to the time of the conveyance, it

is necessary to show that he possessed equity jurisdiction also, and I think he did. The nature and character of the action is determined by the pleadings, and the complaint before the referee stamped this action indelibly as one in equity. The conveyance did not change the pleadings but only the nature and extent of the relief to which the plaintiff was entitled. The referee had the power to try whatever remained of the action upon the principles governing courts of equity, though nothing remained but a claim which of itself was originally one at law. I am unable to see any good reason for turning a party over to another court to recover a comparatively small portion of his claim, simply because he exercised the right of disposing of his property while he was in a court of equity seeking redress for an invasion of rights pertaining to that property. It is more in accordance with the general doctrines and practice of equity to grant relief as to all claims in the suit which the party still retained, and which had accrued to him at any time before the trial or the decree, than to require him to commence another action for that purpose. It appeared at the trial that the plaintiff had a valid claim for damages at the time of the conveyance which did not pass by it. That claim was embraced within the issues which the referee was appointed to determine, and the circumstance that the sole ground upon which the plaintiff was permitted to bring the action in equity had disappeared, did not affect his jurisdiction to render judgment according to the nature of the case, so long as the order of reference was in force. It follows that the defendants' motion for a dismissal of the complaint was properly denied, and that the judgment should be affirmed, with costs.

All concur (Andrews, Ch. J., Peckham and Gray, JJ., in result), except Earl, J., who votes to modify the judgment by striking out so much of the damages as were allowed for the time subsequent to the commencement of the action, and to affirm the judgment as thus modified.

Judgment affirmed.