MANDEVILLE J. BARKER and LAURA A. LANEY, as Executors, etc., of ENOS G. LANEY, Deceased, Respondents, *v.* MARY K. LANEY, Appellant.

*Equity — action for an accounting to secure the offset of a judgment — jurisdiction once gained will be retained — a failure of a Surrogate's Court to try a disputed claim not an estoppel — former adjudication.*

Upon the trial of an action brought to obtain an accounting between the executors of Enos G. Laney and Mary K. Laney, widow of James Laney, it appeared that James Laney died intestate in March, 1885, and that his widow and Enos G. Laney were appointed administrators of his estate; that Enos G. Laney purchased and delivered to Mary K. Laney, between March, 1885, and February, 1890, large quantities of goods and advanced her money, expecting that the surrogate would allow him these amounts out of the widow's distributive share of her husband's estate; that upon a settlement of the accounts of the administrators in 1887, the surrogate refused to allow any of Laney's claims on the

ground that he had no jurisdiction to consider them, and directed him to pay the widow a specified sum on account of her distributive share; that in March, 1890, the widow attempted to enforce this decree against the property of Laney by execution, whereupon Laney brought an action to cancel the decree upon the ground that she had been paid by his advances.

Upon the trial of that action it was adjudged that the widow had been paid by Laney, who also recovered a money judgment against the widow for an additional sum. On a new trial judgment was rendered in favor of Enos G. Laney to the effect that he had paid the amount due under the surrogate's decree.

Subsequently Laney had a settlement of his accounts as administrator, upon which he was directed to pay to the widow an additional sum of $6,878.49, as a balance due for her distributive share in the estate of her husband.

Upon this state of facts, the present action for an accounting was brought by Laney, and, upon his death, continued by his executors, in which it was claimed that his advances to the widow should be applied and allowed as a set-off to the final decree of the surrogate, and that to the extent thereof the decree should be declared satisfied and discharged.

Upon the trial of this action the plaintiffs offered no other evidence of the alleged advances beyond the judgment roll in the first action brought by Laney against the widow, and the referee found that the plaintiffs were entitled to set off that judgment against the final decree.

*Held,* that the decision was correct;

That where a court of equity had once acquired jurisdiction over a cause for any purpose it might retain the cause for all purposes, and that, in the case at bar, it had the power to offset one judgment against the other and to grant such further relief as the nature of the case demanded;

That inasmuch as the widow alleged, in the Surrogate's Court, that she had never received the merchandise for which Laney claimed to recover, and as she had also disputed its value, the surrogate had no power to try those issues; that, therefore, Laney, by failing to appeal from the surrogate's decree, which rejected his claim, was not estopped from bringing the present action for an accounting, in order to secure that offset of claims which, under the circumstances, it was not within the power of the surrogate to have permitted;

That the judgment in the first action was conclusive in regard to all questions relating to the claim of Enos G. Laney, and that the widow could not reopen or try them again in the present action.

APPEAL by the defendant, Mary K. Laney, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Monroe on the 26th day of February, 1895, upon the report of a referee.

The appeal was from a judgment entered upon the report of a referee directing that a certain judgment in favor of the plaintiffs be set off against a decree of the surrogate of Monroe county in favor of the defendant.

The amount due upon the defendant's decree exceeded the plaintiffs' judgment by the sum of $1,463.30, and the defendant was restrained from enforcing her judgment except for that amount.

*Quincy Van Voorhis*, for the appellant.

*Bacon, Briggs, Beckley & Bissell* and *Frederick W. Smith*, for the respondents.

DAVY, J.:

It appears from the evidence in this case that in March, 1885, James Laney died intestate, leaving the defendant, Mary K. Laney, his widow, and Charles S. Laney and James C. Laney his only children and next of kin surviving. Enos G. Laney and the defendant were appointed by the surrogate of Monroe county administrators of his estate. It also appears that Enos G. Laney purchased and delivered to the defendant at various times between March 20, 1885, and February 8, 1890, large quantities of goods, wares and merchandise, and advanced some money in anticipation that they would be set off and allowed to him by the surrogate out of the defendant's distributive share of the personal estate of her deceased husband. In 1887 the administrators filed their joint petition in the Surrogate's Court for a settlement of their accounts. In that proceeding the surrogate did not allow Enos G. Laney any part of his said claims for advances, but ordered them stricken out on the ground that they were unauthorized and constituted no part of his official account as administrator. He also held that he had no jurisdiction to hear, try and determine the validity of the claims because they were disputed. In December, 1888, a decree was made by the surrogate directing Enos G. Laney to pay to Mary K. Laney, out of her distributive share in the estate, a specified sum of money. Thereafter, and on or about March 5, 1890, the defendant procured a transcript of said decree to be filed and an execution to be issued thereon and levied upon the property of Enos G. Laney to satisfy said judgment. Laney immediately brought an action to cancel the judgment, on the ground that it had been paid by the advances made as aforesaid, and asked that the defendant be adjudged to account to him for all the moneys which he had advanced to her, and that she be restrained from enforcing the surrogate's decree.

The issues in that action were referred to a referee in March, 1890, who found that the surrogate's decree had been paid and that the defendant had received from Enos G. Laney, by way of advances, several thousand dollars over and above the amount named in the decree, and he directed a money judgment against her for the balance. An appeal was taken from that judgment to the General Term, which granted a new trial unless the plaintiff stipulated to deduct the sum of $1,934.40 from the judgment, but in case the stipulation was given, the judgment should be affirmed. (*Laney* v. *Laney*, 19 N. Y. Supp. 518.) A new trial was had before the same referee, who gave judgment in favor of the plaintiff that the modified decree of the surrogate had been paid, and directed that the same be canceled of record. In March, 1891, Enos G. Laney had a final settlement of his accounts as such administrator, and the surrogate directed that he should pay to the defendant, Mary K. Laney, the additional sum of $6,878.49, it being the balance of her distributive share in the estate of her deceased husband. This action was then brought for an accounting between Enos G. Laney and the defendant for moneys loaned, paid and advanced by him to her, and for judgment that the moneys so loaned, paid out and advanced be applied and allowed as a set-off to said decree of the surrogate, and that said decree be satisfied and discharged to the amount of said loans, payments and advances found to be applicable as a set-off.

In March, 1893, Enos G. Laney died, leaving a last will and testament, in which the plaintiffs were named as executors, and were thereafter substituted as the plaintiffs in this action.

Upon the trial the plaintiffs put in evidence the judgment roll in the first action, but offered no other proof as to the alleged advances. The referee held that the plaintiffs were entitled in this action to have the money judgment recovered in the other action set off against the defendant's second decree.

The learned counsel for the defendant contends that the plaintiffs failed upon the trial to establish the cause of action alleged in the complaint; that the action was for an accounting which did not authorize the court to offset the plaintiffs' judgment against the defendant's decree.

The complaint, after setting forth the facts, demands judgment that the surrogate's second decree be satisfied of record, and that the

defendant account to the plaintiffs for all the money which she had received from Enos G. Laney. It is true that the accounting asked for had been determined in the first action, yet that fact did not deprive the court of jurisdiction of the subject-matter and the parties to the action. The allegations of the complaint showed a clear case for an accounting which gave the court of equity jurisdiction to try that question and such other issues as arose upon the trial that were incidentally connected with the accounting. It also had the power to do justice between the parties, and for that purpose to offset the judgment against the decree. When the accounting was had in the first action, the second and final accounting before the surrogate had not been had, so that the plaintiffs could not in that action set off the balance due them for advances until the second decree was rendered.

It would seem as if this was a proper case for the interposition of a court of equity, because it would be unjust to permit the defendant to enforce the collection of her decree when she was owing to plaintiffs a sum nearly equal to that amount, and thus put the plaintiffs to the expense, risk and uncertainty of recovering it back.

In a similar action between these same parties an appeal was taken from the interlocutory judgment overruling the demurrer to the complaint, and this court affirmed the judgment and held that an action of this character could be maintained. (*Laney* v. *Laney*, 33 N. Y. St. Repr. 673.)

The rule seems to be well settled that when a court of equity obtains jurisdiction of the subject-matter it is not affected by any changes which may arise on the trial so long as a cause of action survives upon the facts alleged. (*Lynch* v. *M. E. R. Co. et al.*, 129 N. Y. 274.)

Judge O'BRIEN, in *Van Allen* v. *N. Y. E. Ry. Co. et al.* (144 N. Y. 179), says that "No principle is better established or more frequently asserted than that when a court of equity has once acquired jurisdiction over a cause for any purpose it may retain the cause for all purposes, and proceed to a final determination of all the matters at issue."

The court having acquired jurisdiction of this case, it had the power to offset one judgment against the other, and to grant such further relief as the nature of the case demanded.

It is also claimed by the learned counsel for the defendant that the advances referred to in the complaint must be deemed to have been allowed in the Surrogate's Court, and if not allowed that the plaintiffs should have taken an appeal from his decision, for the reason that the surrogate had power, under the statute, upon the final settlement of the administrator's accounts, to credit him for advances made to the defendant for her maintenance and support, and, therefore, the proceedings before the surrogate are a bar to this action.

The evidence and findings of fact by the learned referee will not, in my opinion, warrant such a contention. There can be no question but what surrogates have authority, under the statute, to settle the accounts of executors and administrators and to adjust all matters relating to the affairs of deceased persons. This authority naturally carries with it the power to determine all questions concerning any claim, legacy or distributive share, and to whom the same shall be paid, and where allowances in money have been made by the executor or administrator for maintenance, surrogates undoubtedly have power, in the furtherance of justice, to try and determine those questions, and to allow advances from the distributive shares of the parties to whom the advances have been made. (*Hyland et al.* v. *Baxter et al.*, 98 N. Y. 615; *In re Hood*, 90 id. 512.)

But the difficulty in applying the above rule to this case is that the advances consisted mostly of articles of merchandise purchased by Enos G. Laney for the defendant, who contended upon the accounting that she never received them, and she also disputed their value, which raised a collateral issue that was no part of the surrogate's duty to hear, try and determine.

The courts have uniformly held that where proceedings are instituted by a creditor to compel the payment of a debt, and the debt is disputed, the surrogate has no power to try and adjudicate that question or to set off one judgment against another. (*Riggs et al.* v. *Cragg*, 89 N. Y. 491; *Bevan et al.* v. *Cooper*, 72 id. 327.)

We have, therefore, reached the conclusion that the surrogate very properly held that he could not entertain and pass upon the disputed items contained in the account of Enos G. Laney for advan-

FIFTH DEPARTMENT, OCTOBER TERM, 1895.          [Vol. 90.

ces to the defendant. The plaintiffs, therefore, were not estopped from bringing this action for an accounting and an offset of judgments.

The judgment in the first action was conclusive upon the questions of loans, payments and advances to the defendant and could not be reopened and tried in this action.

The judgment appealed from should be affirmed, with costs.

LEWIS, BRADLEY and WARD, JJ., concurred.