orandum of Lewis, J. (See opinion in *Same* v. *Same, ante*, p. 592.)

Edwin E. Whitcomb, as Administrator, etc., of Frederick L. Whitcomb, Deceased, Respondent, v. Postal Telegraph Cable Company, Appellant.— Judgment and order affirmed.

Charles E. Woodward, Respondent, v. Fifteenth Ward Loan Association, Appellant.— Judgment and order affirmed, with costs.

D. F. Rose and H. R. Rose, Respondents, v. Thomas J. Reynolds, Appellant.— Judgment of Monroe County Court affirmed, with costs.

Ida S. Brockett and Willis J. Brockett, Respondents, v. Flynn Whitcomb, as Executor, etc., of Samuel Whitcomb, Deceased, Appellant.— Judgment affirmed, with costs payable out of the estate.

Jonathan Osmun, Appellant, v. Albert N. Barker, Respondent.— Judgment affirmed.— WARD, J. (dissenting): This action was commenced in Justice's Court in the county of Monroe, by the plaintiff (the appellant), to recover a quantity of wheat straw, and the complaint set forth a cause of action for the recovery of the same and for damages for the detention thereof; the answer denied the plaintiff's complaint, and alleged that on the 29th of November, 1893, one Howard Carmel being the owner of the growing crop of wheat, situate on the premises of the plaintiff, leased by Carmel, executed and delivered to the Milsom Rendering and Fertilizing Company a chattel mortgage on the growing crop of wheat to secure a debt due the company of fifty-five dollars and fifty cents; that Carmel had never paid the debt, and when the wheat became ripe and ready to harvest, Carmel refusing to harvest it, the defendant harvested the wheat and took possession thereof as the agent of the company, and was entitled to the possession thereof by virtue of such chattel mortgage, and demanded a judgment for a return of the property with damages for its detention. It appeared in evidence that the plaintiff had leased his farm by a written lease for a year from the 1st day of April, 1893, for a cash rental of $250 to said Howard Carmel. The lease provided that all the grain grown on said farm should be hauled to the barn and threshed there and the straw stacked in good order. In the summer of 1894, when the wheat was ready to cut, the defendant, as the agent of the mortgagee, harvested the wheat, there being about eight acres of it, and drew it (including the straw), to a barn on another farm near by, claiming to own it under the chattel mortgage which had become due. The plaintiff demanded of the defendant that he return the wheat to the barn on the premises, which the defendant refused to do, and while the straw, including the wheat unthreshed, was thus in the defendant's possession, it was taken by the plaintiff by proceedings in replevin in Justice's Court and delivered to the plaintiff. The justice rendered a judgment awarding the possession of the property to the plaintiff, with costs. The defendant appealed to the County Court of Monroe county, where a new trial was had before the court without a jury, and the County Court held that the defendant was entitled to the possession of the property until the wheat was threshed and gave judgment for the defendant. The County Court found as a fact that the plaintiff was the owner of the straw; that by the lease in question the tenant from whom the mortgagee derived its title owned the wheat in the straw, with the right to harvest it and thresh it on the plaintiff's premises, and that there was sufficient room in the barn of the plaintiff on those premises to store and thresh the grain. These facts are supported by the evidence. It was uncontradicted in

the case that the defendant persisted in taking the straw, including the wheat, off the premises of the plaintiff, notwithstanding that he was told by a member of the plaintiff's family that under the lease he had no right to do so. The defendant in no manner stated or claimed that he was simply taking the straw off to a neighboring barn to thresh the wheat and return the straw after such threshing, but insisted on a full ownership under the mortgage, which covered the straw as well as the wheat. The plaintiff had the right under these circumstances to treat the defendant as a wrongdoer, who claimed the straw and had converted it to his own use and to replevy the straw, and if as an incident to the straw or as contained in it, the wheat, not having been separated by the defendant from the straw, when and where the defendant had the right to separate it, the defendant could not complain. The plaintiff had the right to have the straw threshed upon his own land, where he could have the benefit of the whole of it and the chaff that came therefrom for the uses of his farm. This could not be fully secured if the wheat was threshed elsewhere. The fact that the defendant removed this straw from the plaintiff's premises when it was not necessary, for the purpose of threshing or storing the wheat, claiming title under the mortgage, indicated the defendant's intention to convert to his own use the property in controversy, and the plaintiff was not bound to wait until the straw was beyond his reach or bring his action for damages. He could seize the property itself, as he did, to await the determination of the action. The learned county judge favored us with an opinion in which he ably presents the view taken by the County Court in the matter, and cites *Colville* v. *Miles* (127 N. Y. 159, and *Hawkins* v. *Giles* (45 Hun, 318). These were cases where the tenant had agreed to feed out certain farm produce to the stock upon the farm, creditors of the tenant levied upon this produce, and it was held that notwithstanding the contract between the tenant and his landlord that the produce was to be fed out on the farm, still such products being the property of the execution debtor could be taken by the creditor on execution. The difference between those cases and the one before us is manifest, inasmuch as here the straw was the property of the landlord and not of the tenant. We have reached the conclusion that the judgment should be reversed and a new trial granted, with costs to abide the event.

In the Matter of the Estates of Lucinda Rogers and William Rogers, Deceased; Pliny T. Sexton, as Executor, etc., of Lucinda Rogers, Deceased, Appellant; Ruth E. Moore, as Administratrix *de bonis non* of William Rogers, Deceased, Respondent.—Decree affirmed and proceedings remitted to the Surrogate's Court of Wayne county, with costs payable out of the estate of Lucinda Rogers, deceased.

Nellie E. Sauer, Respondent, v. Samuel G. De Coursey, as Receiver of the Western New York and Pennsylvania Railroad Company, Appellant.— Judgment and order affirmed. Adams, J., not voting.

**Motions.**

Joseph A. Barr, Respondent, v. Henry L. Fish and Another, Appellants.— Motion to reconsider the order previously made and for leave to appeal to the Court of Appeals granted.

Edward H. Throne and Another v. Lehigh Valley Railroad Company.— Order of Monroe Special Term reversed.

Manderville J. Barker and Another, as Executors, etc., v. Mary K. Laney.— Motion for reargument denied.