## SAXTON v. NEW YORK EL. RY. CO. et al.

(Supreme Court, Appellate Division, First Department.   December 11, 1896.)

1. JURY TRIAL—LEGAL AND EQUITABLE CAUSES OF ACTION.
   Where an action is brought for equitable relief, and for damages as incidental thereto, and the equitable part of the action is dismissed, defendant is entitled to a jury trial as to the damages.
2. SAME—WAIVER.
   Defendant, by entering on the trial of an equitable action before the court, does not waive his right to a jury trial as to damages incidental to the equitable relief sought, where plaintiff, by his own act, has deprived himself of his equitable rights, but has retained the right to incidental damages.

Appeal from court of common pleas, special term.

Action by James Saxton against the New York Elevated Railway Company and others.   There was a judgment in favor of plaintiff, and defendants appeal.   Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

A. O. Townsend, for appellants.

E. W. Tyler, for respondent.

VAN BRUNT, P. J.   This action is of a character with which the courts have become somewhat familiar.   It was brought to obtain an injunction restraining the operation of the elevated road of the defendants, unless compensation should be made for the easement taken by said railroad appurtenant to the premises of the plaintiff, and to recover damages for the loss already sustained by him through the erection and operation of the defendants' road. The plaintiff alleged ownership in the premises, which was denied in the answer.   Upon the trial it appeared that the plaintiff had shortly before conveyed the premises in question, and therefore had parted with all right to equitable relief, his only cause of action being to recover past damages resulting from the operation of the defendants' road.   As soon as this fact was admitted upon the record, the defendants' counsel moved that the grantee of the plaintiff should be brought in as a party defendant, and, when that motion was denied, demanded a jury trial as to the past damages.   This motion was denied, and an exception taken.

That past damages can only be recovered in an action at law, unless they are incidental to equitable relief, has been too often decided to need the citation of authority here.   The plaintiff, by voluntarily parting with his right to any equitable relief, clearly cannot claim that his legal action should be tried by a court of equity; and the defendants had a right, as soon as that fact appeared, to demand a jury trial, which was granted to them by the constitution.   It is true that, by the entry upon the trial of a legal action before the court without a jury, the right to a jury trial was deemed to be waived.   But where the action upon its face is an equitable one, and it appears that the plaintiff has, by his own act, deprived himself of all right to equitable relief, it is clear that he has no

right in a court of equity to recover an incident to the equitable cause of action set out in his complaint, which incident still belongs to him.

It is claimed upon the part of the respondent that the cases of Van Allen v. Railroad Co., 144 N. Y. 179, 38 N. E. 997, and Domschke v. Railway Co., 74 Hun, 445, 26 N. Y. Supp. 840, determined the contrary; but an examination of those cases shows that all that was there decided was that, where the fact appeared that the party had parted with the title to the property in respect to which equitable relief was sought, the referee was not obliged to dismiss the complaint, but he could assess the damages. In those cases a reference had been ordered to hear and determine, and the right to a jury trial was thereby gone; and the referee having an equitable and a legal cause of action before him, and the right to recover the legal cause existing, he was bound to hear and determine that issue, and not to dismiss the complaint because the right to equitable relief had been parted with. This is entirely in harmony with the view already expressed. If the court had dismissed the complaint in this action, it would have erred. The court was bound to retain the legal cause of action, and to try it in the manner in which the law requires such causes of action to be tried, namely, before a jury. The defendants had a constitutional right to such a trial, and they had not waived it or lost it, demanding such trial the moment it appeared that the plaintiff, because of his own act, was not entitled to the equitable relief, which was the main feature of the action as brought.

We are of the opinion, therefore, that the court erred in denying a trial by jury as to the legal cause of action, which was alone before it. Judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.