(39 App. Div. 482.)

ROSENHEIMER v. STANDARD GASLIGHT CO.

(Supreme Court, Appellate Division, First Department.   April 7, 1899.)

1. EQUITY—RETENTION OF CAUSE TO AWARD COMPENSATION.
  An action to restrain one from using his property so as to cause a private nuisance, and for damages for past injuries, cannot be retained to give compensation, if the right to the injunction is not sustained.

2. NUISANCE—INJUNCTION.
  Where a gas company can operate its works so as not to injure another in the use of his property, the latter is entitled to an injunction against operation otherwise.

Appeal from special term.

Action by Julius T. Rosenheimer against the Standard Gaslight Company to restrain defendant from operating its gas works so as to cause a nuisance, and for damages. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Henry Thompson, for appellant.
E. W. Tyler, for respondent.

BARRETT, J.   The plaintiff is the owner in fee of four lots of land, with the buildings thereon erected, on the northerly side of 116th street, between Pleasant avenue and the Harlem river, in the city of New York.   Upon the opposite side of this street are the defendant's gas works, which occupy a large part of the two blocks immediately south of the plaintiff's premises.   On the 9th day of December, 1893, the plaintiff acquired title to these four lots from his wife, Louisa Rosenheimer.   From the 3d day of January, 1881, to the 9th day of December, 1893, Mrs. Rosenheimer was the owner in fee of these lots.   After the transfer of title to her husband, Mrs. Rosenheimer brought an action at law against the present defendant to recover damages which she claimed to have suffered by reason of the manner in which it had operated its works during her ownership. She alleged, in substance, that the defendant had during that period operated its works in such a manner as to create a nuisance.   In that action she had a verdict for substantial damages, upon which judgment was entered in her favor.   The defendant then appealed to this court, where the judgment was affirmed.   The present plaintiff, after he had acquired title from his wife, brought this action in equity to restrain the same continuous nuisance, and for compensation with regard thereto from the date when he acquired title down to the time of the trial.   It is the decision which was given upon the latter trial that we are now called upon to review.   That decision restrains the defendant, not from operating its gas works in a lawful and proper

manner, but from operating them in such a manner as to create a nuisance. It specifically enjoins the defendant from operating its works in such a manner as (1) to emit noxious and offensive odors upon or into the plaintiff's premises; and (2) to cause loud explosions and noises known as the "blow-off" or "pop-off," and the flash of light caused by the burning of gas at the stack valve when the process of making gas is stopped for the purpose of replenishing the furnace. These odors, explosions, noises, and flashes are undoubted nuisances. It was so found as matter of fact by the special term, and the finding was warranted by a clear preponderance of evidence. The facts on this head are very much the same as they were in Mrs. Rosenheimer's case. Thus the injunction is supported, not only by independent evidence, but practically by the verdict of a jury in an action at law between the defendant and the plaintiff's immediate predecessor in title. Upon the appeal from the judgment in Mrs. Rosenheimer's case many of the questions presented upon the present appeal were decided by this court adversely to the appellant's contention. 36 App. Div. 1, 55 N. Y. Supp. 192. Applying the principles of that decision to the learned trial judge's findings in the present case, there is but little now left for special consideration. The defendant contends that the plaintiff was not entitled to equitable relief, and that his complaint should either have been dismissed, and he remitted to his action at law, or at least that the relief granted him should have been limited to compensation. It would, however, have been impossible here, upon the denial of equitable relief, to retain the case for compensation. If the plaintiff had no right to resort to a court of equity, his complaint would inevitably have been dismissed. This is not one of those cases where a court of equity, having acquired jurisdiction, but finding that a specific mandate is impossible or unsuitable, retains the case for compensation. The compensation awarded in such cases is not in the nature of past damages for a continuing wrong. It is rather a substitute for the equitable relief specifically demanded, and is given as the most complete satisfaction therefor of which the circumstances admit. Cases of specific performance, such as Clarke v. Railroad Co., 18 Barb. 350, and Columbia College v. Thacher, 87 N. Y. 311, are in this category. The distinction pointed out is emphasized by the form of equitable relief usually awarded in what are known as the "Elevated Railway Cases." There, if the right to equitable relief is sustained, the court awards compensation for past damages, and it fixes a sum which it deems the fair value of the easement taken by the railroad, upon payment of which the plaintiff is required to convey such easement to the company. But that is not awarding compensation for future trespasses. It is ending litigation, simply by forcing the company, under pain of an injunction, to do what in justice it should originally have done, namely, pay for the property taken. Here, however, no property, corporeal or incorporeal, is taken. There is simply a misuse by the defendant of its own property to the injury of its neighbor. Stopping the nuisance by injunction ends the source of litigation. Compensation for the past injury is but incidental thereto. It completes the equitable redress. The injunction and compensation combined right the wrong, and

right it for all time. Omit the injunction, however, and what becomes of future wrongs? Can the plaintiff, upon the nuisance being continued, bring another action in equity, and again receive compensation without an injunction? Clearly not. That would be to turn the equitable into a legal action. It is plain, therefore, that if the injunction here must go, so must the compensation, which is but an incident thereto. As to the defendant's first alternative, we need only say that a case for the interposition of a court of equity was, under well-settled rules, made out, and that the judgment was entirely correct. The defendant was not, as we have seen, enjoined from operating its gas works in a lawful and proper manner. If it cannot operate them without creating a positive nuisance to the serious and permanent injury of its neighbors, it should be stopped. But the evidence given by one of its own witnesses satisfies us that it can, if it chooses, operate its gas works without creating the nuisances condemned by the court below. The judgment was, indeed, most conservative, as the injunction was reasonably limited to the two specially objectionable features already adverted to.

Upon the whole we think the judgment upon both the facts and the law was right, and should be affirmed, with costs. All concur.