(100 App. Div. 407)

TUCKER v. EDISON ELECTRIC ILLUMINATING CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   January 6, 1905.)

1. NUISANCE—EQUITY—JURISDICTION—INJUNCTION—DAMAGES—RETENTION OF CAUSE.

Where, when suit was brought to enjoin a nuisance, plaintiff was entitled to injunctive relief, and, though defendant abated the nuisance before trial, plaintiff insisted that he could establish a cause for an injunction, and endeavored to do so, and, the facts not being conceded, a trial

·was necessary to determine such issue, it was not error to refuse to send the case, on defendant's motion, to the Trial Term for trial by jury, the court having jurisdiction in equity to retain the cause and assess plaintiff's damages, though he did not prove a cause entitling him to an injunction.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from Special 'Term, New York County.

Suit by Carlos P. Tucker against the Edison Electric Illuminat- ·ing Company of New York. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry J. Hemmens, for appellant.
Frank M. Hardenbrook, for respondent.

LAUGHLIN, J. This is an action to enjoin a nuisance caused by an electric light plant. The court found that at the time of the commencement of the action a nuisance existed, which entitled the plaintiff to injunctive relief, but that pending the action, and before the trial thereof, the defendant had so far abated the nuisance that an injunction should not be issued. The court, therefore, retained jurisdiction, and assessed the plaintiff's damages. The damages awarded are not excessive, and no error was committed upon the trial which requires a reversal, provided the court had jurisdiction to retain the action and award damages. When the case was moved for trial, counsel for defendant requested that the case be stricken from the Special Term calendar and sent to the Trial Term calendar, upon the ground that the defendant was entitled to a jury as matter of right. The motion was denied, and the defendant excepted. At that time it did not appear that the plaintiff would not be entitled to an injunction. The plaintiff insisted that he would be able to establish a case for an injunction, and endeavored to do so. The facts were not conceded, and a trial of the case became necessary, in order to determine whether injunctive relief should be awarded. In this respect the case differs from McNulty v. The Mt. Morris Electric Light Co., 172 N. Y. 410, 65 N. E. 196, where, at the commencement of the trial at Special Term, when a jury trial was demanded, it appeared that the plaintiff, who, as ·a tenant, brought the action for an injunction and for damages, had vacated the premises theretofore, owing to the expiration of his lease, and would not be entitled to injunctive relief. If the defendant's theory should prevail, two trials of this action would be necessary; the one before the Special Term to determine whether the nuisance had sufficiently abated to justify the court in refusing an injunction, and the other before a jury to determine the amount of damages caused during the period that the defendant violated the property rights of the plaintiff. If there be anything left to the doctrine frequently announced by the decisions (Van Allen v. N. Y. E. R. Co., 144 N. Y. 174, 38 N. E. 997, and cases cited; Koehler v. N. Y. El. R. R. Co., 159 N. Y. 218, 53 N. E. 1114, and cases cited; and other decisions announcing and applying the same principle)

that, where equity once acquires jurisdiction, it will retain jurisdiction, and, even though the circumstances have so changed during the pendency of the action that at the time of the trial the plaintiff is not entitled to injunctive relief, will assess his damages, then this judgment should be affirmed. I am of opinion that there is sufficient substance of the doctrine left to justify and require an affirmance.

It follows that the judgment should be affirmed, with costs.

PATTERSON and O'BRIEN, JJ., concur.

McLAUGHLIN, J. (dissenting). This action was brought to enjoin the defendant from operating its electric power house on the ground that it was a nuisance, and to recover damages caused thereby. At the opening of the trial, and before any further proceedings had been taken, defendant's counsel moved that the cause be stricken from the Special Term calendar and sent to a jury for trial, upon the ground that defendant was entitled to a jury trial as a matter of right. The motion was denied, and an exception taken. The trial then proceeded, and at its conclusion the court found that when the action was commenced the plaintiff was entitled to injunctive relief, but the facts which then entitled it to such relief did not exist at the time of the trial, and for that reason an injunction could not be granted, but that it was proper, under such circumstances, to retain the action, and award the plaintiff damages, which were ascertained and fixed at $3,500. Judgment was entered upon the decision, from which the defendant appeals.

The judgment appealed from cannot be sustained. It is directly in conflict with numerous decisions, and especially McNulty v. Mt. Morris Electric Light Co., 172 N. Y. 410, 65 N. E. 196. The purpose of the action was to procure an injunction to restrain a nuisance, to which was joined, as a mere incident thereto, and to avoid multiplicity of actions, a claim for damages. Prior to the trial every fact which entitled the plaintiff to injunctive relief had been eliminated, and there was nothing left but a legal claim for money by way of damages, the validity of which the defendant was entitled to have submitted to a jury. It had not waived a jury trial; on the contrary, it insisted at the first opportunity that it was entitled to one. The only power which a court of equity had in the premises was to grant the injunction prayed for—if the evidence showed that the plaintiff was entitled to such relief—together with an award of such damages as the plaintiff had sustained up to the time of the entry of the judgment (Pappenheim v. Met. El. R. R. Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401, 26 Am. St. Rep. 486); and when it appeared that the plaintiff was not entitled to the equitable relief, then the complaint should either have been dismissed, or the cause sent, in accordance with the defendant's request, to a jury for trial. This is not one of those cases where a court of equity, having acquired jurisdiction, but finding that a specific decree is impossible or unsuitable, retains the case for compensation. The compensation awarded in such cases is not

in the nature of past damages for a wrong. It is rather a substitute for the equitable relief specifically demanded, and is given as the most complete satisfaction therefor of which the circumstances admit.

In Rosenheimer v. Standard Gas Light Co., 39 App. Div. 482, 57 N. Y. Supp. 330, it was held, in an action by an owner of property adjacent to a gas company's plant to enjoin it from so operating its plant as to create a nuisance, that, the plaintiff having failed to establish his right to equitable relief, the court could not retain the case for the purpose of awarding damages for the injuries sustained, but should dismiss the complaint. To the same effect is Ackerman v. True, 56 App. Div. 54, 66 N. Y. Supp. 6, where the trial court refused to grant the injunction prayed for, but retained the action, and awarded damages in lieu thereof. It was held that the court was without power to make such award; that the defendant was entitled, upon such question, to a trial by jury, and the plaintiff could not deprive him of such right by bringing the action in equity. A defendant, of course, can waive his right to a trial by jury, and this is all that was held in Van Allen v. N. Y. E. R. Co., 144 N. Y. 174, 38 N. E. 997, cited by the respondent. There the owner of premises abutting on a street through which an elevated railroad ran brought an action to restrain the operation and maintenance of the road and for damages. Plaintiff sold the premises before the trial, and parted with his right to an injunction, leaving only the question of damages. Counsel for both parties, prior to the trial, however, stipulated that the issues involved be sent to a referee to hear and determine, and it was not until the trial was moved before the referee that the defendant claimed it was entitled to a jury trial. It was held that the right to a jury trial had been waived by agreeing to a trial before a referee. In the McNulty Case action was also brought for an injunction to restrain a nuisance and to recover damages. At the trial, it having appeared that the plaintiff was not entitled to an injunction, the defendant asked that the case be sent to a jury for trial. The request was refused, and the plaintiff had a recovery for damages only. On appeal to this court (McNulty v. Mt. Morris Electric Light Co., 56 App. Div. 9, 67 N. Y. Supp. 395), the judgment was reversed, and the complaint dismissed, the court holding that, the right to injunctive relief having ceased to exist, the action became one to recover damages for a nuisance, and the defendant was entitled to a jury trial, and for that reason the judgment should be reversed, and the complaint dismissed. It is true on appeal to the Court of Appeals the judgment was modified, but only to the extent of granting a new trial; the court saying:

"This action was properly brought on the equity side of the court; but before the cause was reached for trial plaintiff had passed out of the possession of the property, thus parting with the right to the injunction, and there remained to him only his claim for damages. For that reason defendant's motion to have the action tried before a jury should have been granted."

Here the right to equitable relief at the time the trial took place had ceased to exist. There was nothing left in the action but a

claim for damages—a legal claim—and nothing else. The action having been stripped of its equitable features, and there being nothing left to try but the legal claim, defendant was entitled to have its request granted that such claim be tried before a jury.

I think, therefore, that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurs.