ASTOR *against* JAMES L'AMOREUX.

An appellate court in reviewing a judgment upon a case made at the trial, is not authorized to reverse the judgment and render a final judgment against the party who prevailed in the court below. It can only order the judgment reversed and a new trial.

This was an action of covenant brought in the supreme court, in 1847, upon a lease of a lot of land in the city of New York, made by Henry Astor, deceased, to William D. Crolius, in which the lessee covenanted to pay certain rents and the taxes upon the lot for twenty years from May 1, 1825. The plaintiff was the devisee of the lessor. The defendant, on the seventh of November, 1830, purchased at a mortgage sale all the estate of the lessee. All the questions of fact in the pleadings were disposed of by stipulation, excepting one arising upon the sixth plea, in which the defendant insisted that on the seventh of November, 1830, which was before the rents and taxes in default accrued, he assigned the lease to Andrew L'Amoreux, who entered upon the leased premises, and was possessed thereof during the residue of the term, and that the lessor, before his death, and the plaintiff since then; and before the rent and taxes accrued, accepted said Andrew L'Amoreux as tenant of the premises, and received rents from him. The action was first tried at the New York circuit, in June, 1848. On the trial, it was admitted that the rents and taxes unpaid and in default, amounted to $226·13. The defendant then proposed to prove by Andrew L'Amoreux that the purchaser of the premises by the defendant, at the mortgage sale, was made under a verbal agreement between him and Andrew L'Amoreux that he would purchase it for the exclusive benefit of Andrew; that Andrew had been in possession from the time of the purchase up to the time the lease expired, in

1846, always paying rent and taxes, except that claimed in the declaration; that he had, before 1840, repaid the defendant the money paid by him on the purchase at the mortgage sale; and that the agent of the lessor and of the plaintiff had given Andrew written receipts for the rent, and acknowledged him as tenant and assignee of the lease, but that none of the agreements or arrangements between Andrew and the defendant were in writing. The court excluded the evidence, and a verdict was found for the plaintiff for the amount claimed. Upon a case made, a new trial was ordered upon the ground that the evidence should have been received.

The action, having been removed to the supreme court, was again tried in December, 1850, before Mr. Justice OAK-LEY, without a jury, when the lease, devise to the plaintiff, sale of the lessor's estate to the defendant, and amount of rent and taxes due having been admitted, the defendant proved by Andrew L'Amoreux that he was his brother: that prior to the purchase of the lease, they went together to look at the premises, when Andrew remarked it would be a nice little place for him: that it was then purchased; and after the two returned home, the defendant told An 'rew he purchased them for him, and he, Andrew, arranged ve. hally with the defendant to pay the purchase money, in small installments, and took possession of the premises, and before 1840 repaid the defendant the amount paid; and that he continued to occupy them until the expiration of the lease, paid the rents, which were receipted to him in his own name, made improvements upon the premises, and at the expiration of the term, applied for a new lease for ten years, which was granted to Daniel L'Amoreux, another brother, upon Andrew obtaining and delivering up the deed given to the defendant on the mortgage sale; that nothing was ever said about an assignment of the lease from defendant to Andrew, and no agreement was ever made to assign it to him.

The proofs here closed. The counsel for the defendant

.Astor *against* L'Amoreux.

then insisted that the decision of the court ought to be given in favor of the defendant, for the following reasons.

1st. The defendant, at the time the rent and taxes accrued, was not the assignee of the premises; whatever interest he had in them was extinguished by the repayment to him, previous to 1840, by Andrew L'Amoreux, of the money the defendant had paid for the premises, whereby he, Andrew, became the assignee of the premises, the rent and taxes sought to be recovered having accrued since 1840.

2d. That the plaintiff having insisted upon and obtained the surrender of the master's deed to the defendant, the only ground upon which he could support an action against the plaintiff as assignee of the lessor, for any breach of covenant in the lease to Crolius, he can not, after such surrender, support an action against the defendant as assignee of the lessee.

The court rendered a judgment in favor of the plaintiff for the amount of rent and taxes, with leave to the defendant to appeal to a general term of the court upon a case made.

Upon a hearing of the appeal at the general term of the Superior court in March, 1851, the judgment was reversed, and a judgment in favor of the defendant rendered. (See 4 *Sand.* 524.)

The plaintiff appealed therefrom to this court.

J. MILLER for appellant.

J. A. L'AMOREUX respondent in person.

PER CURIAM. The superior court erred in reversing the judgment recovered at the circuit, and ordering a final judgment for the defendant upon a case made at the trial. It should have ordered a new trial, which was all it was authorized to do.

Judgment reversed and new trial ordered.