In the Matter of the Estate of JOHN MOFFAT, Deceased.

*Trustee — his commissions are to be computed upon the entire fund, including securities never converted by him into money.*

The commissions allowed to a trustee are to be computed upon the entire fund in his hands, whatever may be the nature of the property, and even though he may transfer to the beneficiaries the same securities which were received by him at the time of the creation of the trust.

Appeal from an order made at Special Term directing as to the distribution to be made of certain trust funds in the hands of the New York Life Insurance and Trust Company, and fixing the commissions to be received by it.

In the year 1868 certain United States stocks of the par value of $56,600 were transferred to the New York Life Insurance and Trust Company, and also $5,575.37 in cash, to be held and retained by the company to pay certain annuities, and upon the death of Rachel M. Moffat, one of the annuitants, $50,000 of the moneys and stocks so delivered were to be divided equally between Sophia Y. Quackenbos and Maria Moffat. Rachel M. Moffat died in the month of September, 1879, and an application was then made by John M. Quackenbos, as executor of Sophia Y. Quackenbos, that the moneys and securities to the amount of $50,000 be divided between him and Maria Moffat. It appeared that, from the time of the appointment of the trust company until the time of the distribution, no change had been made in the investment; that the bonds distributed under the order were the same which had been delivered

to it; that from the time of the appointment the company had collected the coupons and paid the annuities and had received the commissions on the moneys received and paid out.

The only question on the appeal was whether the trust company was entitled to commissions upon the par value of the bonds received by them and distributed under the order of Mr. Justice DONOHUE.

*R. E. Robinson*, for the appellant, the New York Life Insurance and Trust Company.

*Roe & Macklin* and *Ira Shafer*, for the respondents.

BRADY, J.:

In the year 1868, the New York Life Insurance and Trust Company were appointed, by order of this court, trustees of a trust fund amounting to $60,000 and upwards. The trust had been created by an agreement and assignment in trust, whereby the income was to be paid over as directed, and upon the death of Rachel M. Moffat, one of the annuitants, $50,000 of the principal was to be divided equally between two persons named. Rachel M. Moffat died in September, 1879, and, on an application for that purpose, an order was made directing the distribution in accordance with the agreement and assignment in trust already mentioned.

It appeared that the trust estate was made up of United States bonds of different denominations of the par value of $46,600, and cash to the amount of $5,575.37, but that the fund had increased since the creation of the trust.

It was conceded on the application for the distribution which was directed, and when the question of commissions arose, that the New York Life Insurance and Trust Company were entitled to commissions on the cash item mentioned; but it was insisted that they were not entitled to commissions on the rest of the fund. The learned justice presiding at Special Term sustained that view and hence this appeal.

Trustees are entitled to commissions at the same rates as executors, and these rates are established by statute (2 R. S., 93, § 58, as amended), which are five per cent upon the first $1,000, two and one-half per cent upon the next $9,000, and one per cent upon the

balance. A trustee is granted commissions as compensation for the discharge of the duties imposed upon him by the trust, involving responsibility, care and often the exercise of judgment, which depends upon many things resulting from thought and investigation, and the commissions are computed upon the entire fund held in trust of whatever the property consists. The vice-chancellor, *In the Matter of De Peyster* (4 Sandf. Ch. Rep., 511), said that in respect of stocks, bonds and mortgages the law was well established that the trustee is entitled to his commissons on discharging himself, although he transfers to his beneficiaries, or to new trustees, the entire stocks and securities which came into his hand at the outset of his trust; and this doctrine was recognized and reiterated in the case of *Cox* v. *Schermerhorn* (18 Hun, 16).

It is said by the respondent that the vice-chancellor, *In the Matter of Jones* (4 Sandf. Ch. R., 615), declared that the trustee was not entitled to these commissions. This is a very extraordinary error, because the vice-chancellor made no such decision. On the contrary, he expressly recognized the right of the trustee to commissions if he continued to discharge the duties of the trust, but withheld the commissions because he asked to be relieved of the trust and was so relieved on terms, one of which was that he should not have his commissions.

The case of *Schenck* v. *Dart* (22 N. Y., 420) does not conflict with this view. It was there held that the executors would not be allowed commissions upon the transfer of corporate stock which was specifically bequeated to legatees, and which involved no other labor than to hand it over to the persons designated to receive it.

The duties of the New York Life Insurance and Trust Company were entirely different. They were to hold the securities and money and their accumulations, and to pay over and divide part of them upon a certain contingency arising, as the order made in reference to the distribution indicates, and which directs that after making certain payments to counsel, the company should pay, assign and transfer one-half of the moneys and securities remaining in their possession belonging to said principal of said trust fund, except the $10,000 mentioned in said trust agreement and therein intended to be preserved until the decease of the annuitants named in the will of John Moffat, deceased.

The management of the trust estate involved collecting coupons and interest, and the care and custody of the securities and the division of a part of the fund, which is very different from merely handing over securities to a legatee designated to be their recipient.

We think for these reasons that the order appealed from was erroneous, that the commissions, amounting to the sum of $696.75, should have been allowed, and that the order should be modified by allowing them, but with ten dollars costs and disbursements.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Order modified as directed in opinion, with ten dollars costs.