PETER BARTON, Respondent, *v.* GEORGE SCRAMLING AND BURT MATTICE, as Executors, etc., of SAMUEL S. BURNSIDE, Deceased, Appellants.

*Evidence — when a witness is interested in the event of the action — Code of Civil Procedure, sec.* 829.

One Farnham, a deputy of the plaintiff, received an execution against one Buckley and levied thereunder upon certain property belonging to a Mrs. Buckley, for the taking of which a judgment was recovered by Mrs. Buckley against the plaintiff. This action was brought to recover the amount of the said judgment, against the executors of the attorney who issued the execution, upon a parol indemnity against any loss which might be occasioned by the levy, which he was alleged to have given to the plaintiff. Upon the trial Farnham was called as a witness for the plaintiff to show that the deceased attorney gave the alleged indemnity.

*Held,* that he was interested in the event of the action, and that his testimony was inadmissible under section 829 of the Code of Civil Procedure. (Potter, J., dissenting.)

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Burr Mattice,* for the appellant.

*Samuel H. Bowen,* for the respondent.

Learned, P. J.:

The plaintiff was sheriff; Farnham his deputy. The plaintiff through Farnham received an execution against one Buckley, which he, through Farnham, enforced against personal property of Mrs. Buckley. For this Mrs. Buckley sued and recovered against plaintiff. The plaintiff's action seeks to recover against the executors of one Burnside now deceased, the attorney in that execution, upon a parol agreement made by Burnside with Farnham to indemnify him against loss by reason of levying on that personal property.

Farnham is called as a witness; and the objection is taken that he is incompetent under section 829 of the Code of Civil Procedure. He is not a party to this present action. Is he "interested in the event?"

Farnham is called to show that the deceased Burnside indemnified the sheriff against certain wrongful acts which Farnham committed.

If the defendant is liable it is because the acts were wrongful; if wrongful, Farnham is liable to the plaintiff and is directly interested in having the plaintiff recover against the indemnitor.

True the judgment recovered against the plaintiff may not be evidence against Farnham if he were not notified to defend. But the fact of his liability to the sheriff could be proved by other means than that judgment.

If this evidence is inadmissible, I do not think the case can be allowed to stand on the other proof.

Judgment reversed, new trial granted, referee discharged, costs to abide event.

BOARDMAN, J., concurred.

POTTER, J. (dissenting):

This is an appeal from a judgment entered pursuant to an order of this court upon a motion to confirm the referee's report upon a disputed claim under the statute, and overruling the exceptions taken to the report on behalf of the appellants. A preliminary objection is made by the respondent that the notice of appeal is from the judgment only, and not from the order directing the judgment, overruling these exceptions and confirming the referee's reports.

The objection is a technical one, and I think the court would not be warranted in sustaining the objection upon the authorities cited in support of the objection, especially in view of the fact that the case has been fully argued upon its merits, and that in the notice of the appeal from the judgment, the appellants gave the further notice that they intended to bring up for review upon such appeal all the questions of fact and law passed upon by the referee in this action, both upon the trial and at the making of his report.

If I rightly apprehend the appellants' points, they make no question that a parol promise to indemnify an officer making a levy by a party interested in having the levy made is a valid promise. (*Barry* v. *Ransom*, 2 Kern., 462.)

The first point made by the appellants was that Farnham, who was the deputy of the plaintiff in making the levy, was an incompetent witness under section 829, Code of Civil Procedure, to prove the promise of the deceased to indemnify against the levy. There

is some embarrassment in passing absolutely upon that point upon this appeal. If Farnham, the deputy of the sheriff in making this levy, and for which the plaintiff in this action or claimant in this proceeding was sued, and a recovery had against him, had been notified of or requested to defend the action against the plaintiff, then the judgment against the plaintiff would have been evidence against him for the illegal levy by the sheriff. (*Thomas* v. *Hubbell*, 15 N. Y., 407; *People ex rel. Tuthill* v. *Russell*, 25 Hun, 526.) In that event he would have been interested, and so incompetent to testify to the communication or agreement which he had with the deceased against his executors. (Sec. 829, Code of Civil Pro.; *Miller* v. *Montgomery*, 78 N. Y., 282.) If he had not such notice the judgment against the plaintiff is not evidence against Farnham. Now the case upon appeal leaves the fact of the notice in doubt. Farnham himself testified : " The case against plaintiff was tried in July, 1881, after the death of Burnside ; I did not attend." Of course this is mere hearsay, and does not show when or how he heard of the action. The witness Wilbur testified that he notified Farnham of the trial by mail. There is no evidence that Farnham received the letter, and Wilbur's statement that he notified Farnham, is a conclusion. But I am of the opinion, that if it clearly appeared that Farnham had notice, and so was incompetent, under section 829 (*supra*), the evidence is abundant and entirely uncontradicted to prove that Mr. Burnside agreed to indemnify Farnham for making the levy. Indeed the evidence is so conclusive that, without the testimony of Farnham, the referee could not have found against the indemnity, and if he had, his finding would have been set aside. (*Schenck* v. *Dart*, 22 N. Y., 420 ; *Johnson* v. *Hicks*, 1 Lans., 150.) Upon appeal in such a case as this the whole case is to be examined as well upon the facts as the law, and the court will not inquire whether witnesses were or were not competent when the facts to which they testified were established by other unobjectionable evidence. (*Schenck* v. *Dart, supra.*) I do not think that Farnham is incompetent to testify for any other reason or upon any other ground than that the judgment in this action would be evidence for or against him in an action hereafter to be brought against him. The interest of a witness no longer renders him incompetent to testify (sec. 828), unless it be an interest coupled with the circumstances specified in

section 829 of the Code of Civil Procedure. Under the former law, as well as under 829, the witness must be interested in the event of the action in which he is offered as a witness. The witness was not a party to this action, and we have seen that, for want of notice of the action against the sheriff, the judgment in that action would not be evidence for or against him in an action to be hereafter brought against him by his principal, the sheriff. That he might be here- after sued by his principal for his illegal acts of levying upon the property of another, than the defendant in the execution, is not a legal interest in the event of *this action,* and is altogether too remote to exclude him as a witness in this action. I doubt if it were ever held that a wrong-doer was incompetent to testify that another was equally guilty with himself of the wrong in an action against that other alone for the wrong. It is true the witness would have a species of interest, such as every man has, in having somebody else answer for his sins or pay his liabilities or his taxes; but that is not an interest, *in the event of the action,* which renders him incompe- tent to testify.

The only additional point made by the appellant is the gross negligence of the plaintiff in failing to defend the action against the plaintiff. I do not think that position is tenable. The executors of Burnside and his former law partner, and into whose hands Burnside had placed the case to defend, were informed of the action and the trial of it, and the counsel of Burnside attended the trial. The duty rested primarily upon Burnside, the indemnitor of the deputy sheriff, rather than upon the sheriff, to defend the action. Besides there is no proof that the facts testified to by the deputy, Farnham, upon this trial, and which it is claimed would have made a defense in the action against the sheriff, were known to the sheriff.

I think the judgment should be affirmed, with costs to be collected out of the estate of Burnside, deceased.

Judgment reversed, new trial granted, referee discharged, costs to abide event.