John McNulty, Appellant, *v.* The Mount Morris Electric Light Company, Respondent.

Injunction to Restrain Nuisance to Leasehold — Expiration of Lease before Trial — Defendant Entitled to Jury Trial. When an action by a lessee for an injunction to restrain a nuisance, to which has been joined as a mere incident and to avoid multiplicity of suits a legal claim for damages, is, by the expiration of the lease and the vacation of the premises prior to the trial, shorn of all its equitable features, leaving nothing but the claim for damages, the defendant is entitled to a trial by jury unless it has been waived.

*McNulty* v. *Mt. Morris El. Light Co.*, 56 App. Div. 9, modified.

(Argued October 9, 1902; decided November 18, 1902.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 21, 1900, upon an order reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinions.

*Frank M. Hardenbrook* and *Charles H. Wenzell* for appellant. The dismissal of the plaintiff's complaint by the Appellate Division was erroneous. (*Heller* v. *Cohn*, 154 N. Y. 299 ; *Benedict* v. *Arnoux*, 154 N. Y. 715 ; *Griffin* v. *Marquardt*, 17 N. Y. 28 ; *Schenck* v. *Dart*, 22 N. Y. 420 ; *Cuff* v. *Dorland*, 57 N. Y. 560 ; *Snyder* v. *Seaman*, 157 N. Y. 449 ; *New* v. *Vil. of New Rochelle*, 158 N. Y. 43 ; *Howells* v. *Hettrick*, 160 N. Y. 308 ; *Ross* v. *Caywood*, 162 N. Y. 262 ; *Lopez* v. *Campbell*, 163 N. Y. 340.) The loss of plaintiff's right to equitable relief did not deprive plaintiff of the right to have his case tried at Special Term. (*Van Allen* v. *N. Y. El. R. R. Co.*, 144 N. Y. 174 ; *Koehler* v. *N. Y. El. R. R. Co.*, 159 N. Y. 218 ; *Lyle* v. *Little*, 28 App. Div. 181.) The judgment of the Special Term should be affirmed. (*Heller* v. *Cohn*, 154 N. Y. 299 ; *Benedict* v. *Arnoux*, 154 N. Y. 715 ; *Queen* v. *Weaver*, 166 N. Y. 398 ; *Van Beuren* v. *Wother-*

*spoon,* 164 N. Y. 368; *Snyder* v. *Seaman,* 157 N. Y. 449; *Hirschfeld* v. *Fitzgerald,* 157 N. Y. 166; *Ross* v. *Caywood,* 162 N. Y. 262; *Lopez* v. *Campbell,* 163 N. Y. 340.)

*Henry J. Hemmens* and *Samuel A. Beardsley* for respondent. The Appellate Division was warranted in reversing the judgment and dismissing the complaint. (Code Civ. Pro. § 1022; *Husted* v. *Thomson,* 158 N. Y. 328; *Bradley* v. *Aldrich,* 40 N. Y. 504; *Hawes* v. *Dobbs,* 137 N. Y. 465; *Dudley* v. *Congregation,* 138 N. Y. 451; *Howells* v. *Hettrick,* 160 N. Y. 308; *Ross* v. *Caywood,* 162 N. Y. 259; *Muldoon* v. *Pitt,* 54 N. Y. 269; *Guernsey* v. *Miller,* 80 N. Y. 181; *Mansfield* v. *Mayor, etc.,* 165 N. Y. 208; *New* v. *Vil. of New Rochelle,* 158 N. Y. 41.) The learned justice at Special Term erred in retaining jurisdiction of the case for the purpose of awarding damages. (*Van Deventer* v. *Van Deventer,* 32 App. Div. 578; *Beck* v. *Allison,* 56 N. Y. 372; *Wheelock* v. *Lee,* 74 N. Y. 495; *Hudson* v. *Caryl,* 44 N. Y. 553; *Green* v. *Stewart,* 19 App. Div. 202; *Mittenthal* v. *Rabinowitz,* 60 App. 138; *Glenn* v. *Lancaster,* 109 N. Y. 641; *Ackerman* v. *True,* 56 App. Div. 54; *Rosenheimer* v. *S. G. L. Co.,* 39 App. Div. 482; *Bradley* v. *Aldrich,* 40 N. Y. 504.) The learned court erred in not striking the case from the calendar and granting the motion which was made by defendant's counsel at the opening of the case. (*Ostrander* v. *Conkey,* 20 Hun, 421; *Gair* v. *Birmingham,* 20 Civ. Pro. Rep. 233; *Yates* v. *McAdam,* 18 Misc. Rep. 295; *Romaine* v. *Bowdoin,* 70 Hun, 366; *Ziegler* v. *Trenkman,* 31 App. Div. 305; *Leonard* v. *Faber,* 31 App. Div. 137; Code Civ. Pro. § 968; *Prichard* v. *N. Ins. Co.,* 38 App. Div. 109; *Haskin* v. *Murray,* 29 App. Div. 370.)

PARKER, Ch. J. I agree with Judge BARTLETT's conclusion that there should be a new trial in this action, but differ with him in so far as he holds that the trial court did not err in refusing to grant defendant's motion to have the action tried on the common-law side of the court.

It appeared when this case was moved for trial that the

plaintiff was not then entitled to equitable relief, although he was so entitled at the time of the commencement of the suit. It is undoubtedly the rule and long has been that when equity takes jurisdiction it will draw to itself all matters necessary to a final disposition of the controversy, as where an injunction is granted, if damages have resulted by reason of the acts restrained, equity will admeasure and award the damages as part of the relief.    But while equity has this power it will not exercise it for the purpose of depriving a litigant of his right of trial by jury — "the fundamental guaranty of the rights and liberties of the people " — when the question of damages is the only question presented for decision. Courts are jealous in protecting this great right instead of seeking opportunities for depriving litigants of it.    This action was properly brought on the equity side of the court, but before the cause was reached for trial plaintiff had passed out of the possession of the property, thus parting with the right to the injunction, and there remained to him only his claim for damages.    For that reason defendant's motion to have the action tried before a jury should have been granted.

. The authorities cited in support of the contrary position do not in my judgment sustain it.    The first is *Van Allen* v. *N. Y. E. R. R. Co.* (144 N. Y. 174), brought by the owner of premises abutting on a street through which an elevated road ran, to restrain the operation and maintenance of the road and for damages.    Plaintiff sold the premises before the trial and thereby parted with his right to an injunction, leaving only the question of damages.    Counsel for both parties, however, stipulated that the action be sent to a referee to determine all the issues.    It was not until the action came on before the referee that defendant attempted to raise the point that he was entitled to have the question of damages submitted to a jury.    It was then too late.    As this court said (page 178): "The defendants were not entitled to a jury trial, for the reason that they had waived it by consenting that the claim for damages should be referred with the claim for an injunction; and the fact that the latter had been transferred to

another by the conveyance, at the trial or during the pendency of the action, did not deprive the referee of jurisdiction so long as any cause of action remained. The right of trial by jury having been waived, there was no longer any question except whether the trial should be had in a court of law or a court of equity, and, since both remedies are now administered by the same court and under the same procedure, the defendants' contention related to forms and not to matters of substance, and was not material."

The next case cited is *Valentine* v. *Richardt* (126 N. Y. 272), in which plaintiff sought to set aside the conveyance made to defendant Richardt on the ground that it was fraudulent and void as against him, and upon the trial it was held to be fraudulent and void, but the court could not vest title in plaintiff because Richardt had sold the land to a purchaser in good faith. The conclusion, however, was reached that a court of equity could require Richardt to turn over to plaintiff the money he had received for the land, inasmuch as he had put it out of his power to convey the land. In this court it was said : " The fraudulent conveyance which the defendant obtained from the owner of the land enabled him to sell it to a purchaser in good faith, and the money that he received therefor, with the interest thereon, can, for all the purposes of this case, be considered in equity as the land itself." It is apparent from the decision, therefore, that this case is not an authority on the proposition, and it should also be noted that no such question was raised by motion or otherwise either before or at the trial.

In the next case cited (*Koehler* v. *N. Y. E. R. R. Co.*, 159 N. Y. 218) the grantee of the original plaintiff was brought in as a party plaintiff before trial, and, though the defendant opposed the order joining him as plaintiff, no motion was made to go to the jury until the trial. This court said (Judge BARTLETT writing): "It thus appears that the question of defendant's strict right to a jury trial in a case where seasonable application had been made was not presented for adjudication." Also : " The presence of the present owner as plain-

tiff preserves the equitable features of the case and permits the court, sitting in equity, to retain jurisdiction."

*Henderson* v. *N. Y. C. R. R. Co.* (78 N. Y. 423) holds simply that when a court of equity grants an injunction it may also grant with it the incidental relief of damages. All the land abutting on the street had been sold, but the court enjoined the defendant railroad from using the street until it had acquired plaintiff's title thereto. The court alluded to the question of plaintiff's right to recover the damages accrued to the property sold, but said that question " has not been raised upon this appeal, nor was any objection made upon that ground before the referee ; we are not, therefore, embarrassed by it."

When an equitable suit for an injunction, to which has been joined, as a mere incident and to avoid multiplicity of suits, a legal claim for damages, is, by plaintiff's conveyance of the land, shorn of all its equitable features, leaving nothing but a legal claim for damages, the right to a trial by jury cannot be denied unless it has been waived, as was done by the defendant in *Pegram* v. *N. Y. E. R. R. Co.* (147 N. Y. 135), where the court said : " Had the objection been raised in a proper way or at the proper time, I think the defendants could have insisted upon a trial upon the law side of the court. * * * But not having done so, it was not error " for the court, sitting in equity, to assess the damages.

So far I have considered this matter as if the inquiry were whether in every action brought to secure equitable relief the court should on motion send the case to a jury for trial, upon its appearing that the right to equitable relief had passed away after the commencement of the suit. And I shall conclude in that vein. But the fact should not be lost sight of that in cases of this character, viz., actions to abate a nuisance and recover the damages occasioned thereby, trial by jury is a matter of right for the defendant, even if the complaint is in form as for equitable relief against the continuance of a nuisance, the prayer for damages being incidental thereto. And this is so, because, prior to the adoption of the Constitu-

tion, the existence of an alleged nuisance and the amount of damages were both submitted to a jury for decision, and, hence, the constitutional guaranty of trial by jury applies to such an action as one of the " cases in which it has been heretofore used." (*Hudson* v. *Caryl,* 44 N. Y. 553; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.,* 105 N. Y. 319.)

The two cases from the United States Supreme Court which have been cited (*Beedle* v. *Bennett,* 122 U. S. 71; *Clark* v. *Wooster,* 119 U. S. 325) do hold that in actions in United States courts for an injunction and damages for the infringement of patents, the fact that by the expiration of the patent the ground for an injunction has disappeared, does not preclude the court sitting in equity from granting the incidental relief of damages. But the reason for this rule in the United States courts is plain. Though the same courts have cognizance of both equitable and legal causes the practice and the pleadings are entirely different for each class of cases and if a proceeding brought on the equity side of the court is not one of equitable cognizance, the cause must be dismissed and a new proceeding must be instituted at law. (*Hipp* v. *Babin,* 60 U. S. 271; *Fenn* v. *Holme,* 62 U. S. 481; *Thompson* v. *Railroad Companies,* 73 U. S. 134; *Killian* v. *Ebbinghaus,* 110 U. S. 568; *Scott* v. *Neely,* 140 U. S. 106; *Hollins* v. *Brierfield C. & I. Co.,* 150 U. S. 371.) In *Thompson* v. *Railroad Companies* the court said: "Has a court of equity jurisdiction over such a case as is presented by this record? If it has not, the decree of the court below must be reversed, the bill dismissed and the parties remitted to the court below to litigate their controversy in a court of law. * * * The Constitution of the United States and the acts of Congress recognize and establish the distinction between law and equity. The remedies in the courts of the United States are, at common law or in equity, not according to the practice of state courts, but according to the principles of common law and equity, as distinguished and defined in that country from which we derive our knowledge of these principles. 'And although the forms of proceedings and

practice in the state courts shall have been adopted in the
Circuit Courts of the United States, yet the adoption of the
state practice must not be understood as confounding the
principles of law and equity, nor as authorizing legal and
equitable claims to be blended together in one suit.'"

It appears, therefore, that while in our Supreme Court
equitable and legal relief are possible under the same plead-
ings and a strict enforcement of the rule that makes actions at
law triable by jury would, in a case like the one at bar, result
in no hardship, but would only entail a shifting of the cause
from the equity to the law side of the court, the trial proceed-
ing there on the same pleadings, in the United States courts
the strict enforcement of the rule would necessitate the dis-
missal of the proceedings and the plaintiff would be forced to
begin a new action at law or abandon his cause.   It seems
plain to me, therefore, that the United States courts have
adopted the practice disclosed by the two cases cited in order
to avoid multiplicity of suits and to save both parties from
the hardship of resorting to another action for the decision of
their controversy in a case where, when the suit was begun,
plaintiff was entitled to equitable relief.   And, hence, this
court is not warranted in following the practice of the United
States courts in this respect, thereby abandoning its own set-
tled practice, which is not only workable, but more nearly
conforms to the letter and spirit of the constitutional provi-
sion guaranteeing trial by jury.

It follows, therefore, that the denial of defendant's motion
for a jury trial in this case was error.

The judgment should be so modified as to grant a new trial,
and as so modified affirmed, costs in all courts to abide the event.

Bartlett, J.   The plaintiff brought this action for an
injunction and damages against the defendant, The Mount
Morris Electric Light Company.   The plaintiff was the tenant
of No. 525 Greenwich street, in the city of New York, and
the defendant's plant was adjacent thereto.

The complaint alleges, in substance, that the defendant so

negligently constructed and conducted the property and operated the machinery therein as to discharge upon the premises of the plaintiff great quantities of soot, cinders, ashes and noisome gases, unpleasant odors, water and steam; also causing incessant noises and very great jar and vibration, etc., affecting the health and peaceable enjoyment of the occupants.

At the time this action was begun the plaintiff was in occupancy of the premises under his lease, but when the trial commenced his lease had expired and he had moved out.

Prior to the trial the defendant made a motion for leave to serve an amended and supplemental answer, which was granted. This answer was duly served, setting up the expiration of the lease and the vacation of the premises.

The cause coming on for trial at Special Term, on the equity side of the court, the defendant moved that it be stricken from the calendar, upon the ground that the issue remaining could not be tried; that the plaintiff asks for an injunction; that inasmuch as he is not now in possession of the property he is not entitled to an injunction; that the action is, therefore, a common-law action for damages and not an action for an injunction, and not an action over which equity has any jurisdiction.

The trial judge denied this motion, and after the introduction of evidence by both parties, rendered judgment in favor of the defendant, to the effect that the plaintiff having removed from the premises prior to the trial is not entitled to an injunction, but that the court could, notwithstanding, retain jurisdiction of the action for the purpose of assessing plaintiff's damages; that he is entitled to judgment for $1,189.05 damages, together with interest, costs and an extra allowance of five percentum.

The learned Appellate Division reversed this judgment upon the law and the facts, and dismissed the complaint, with costs, which were taxed at $358.42. This judgment is now before us for review.

The Appellate Division held, in substance, that the trial judge had no jurisdiction, after the vacation of the premises, to try the cause and dismiss the complaint as stated.

We are of opinion that the ruling of the trial judge was proper and the Special Term had jurisdiction of the cause. It is well settled that the jurisdiction of a court of equity depends upon the position of the plaintiff and the relief he is entitled to at the time of the bringing of his action, and if the jurisdiction has once attached it is not affected by subsequent changes so long as any cause of action survives, although for that there may be an adequate remedy at law. (*Van Allen* v. *N. Y. El. R. R. Co.*, 144 N. Y. 174, and cases cited ; *Valentine* v. *Richardt*, 126 N. Y. 272 ; *Koehler* v. *N. Y. El. R. R. Co.*, 159 N. Y. 223 ; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423 ; *Beedle* v. *Bennett*, 122 U. S. 71, 75 ; *Clark* v. *Wooster*, 119 U. S. 322, 325, and cases cited at latter page.)

The additional point is made that this action is for a nuisance and governed by section 968 of the Code of Civil Procedure. That section reads as follows : " In each of the following actions, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is directed :

" 1. An action in which the complaint demands judgment for a sum of money only.

" 2. An action of ejectment ; for dower ; for waste ; for a nuisance ; or to recover a chattel."

In *Cogswell* v. *N. Y., N. H. & H. R. R. Co.* (105 N. Y. 319) this court held that actions like the one before us are not governed by this section. In the case cited the complaint demanded both legal and equitable relief. It prayed judgment for damages and an abatement of the nuisance complained of, and also for an injunction restraining the defendant from continuing the nuisance and from permitting its lands to be used for the purpose of carrying on any operations thereon which would injure the plaintiff in the enjoyment of her property. Judge Andrews said : " This is not, we think, an action for a nuisance within section 968 of the Code of Civil Procedure. The action of nuisance is mentioned in the section together with other common-law actions, all of which must, the section declares, be tried by a jury, unless a jury is waived or a reference is directed. Reading the section in connection with section 1660 it is clear, we think, that an equitable action to

restrain the continuance of a nuisance demanded is not an action for a nuisance within section 968."

In *Olmsted* v. *Rich* (25 N. Y. State Repr. 271, 275) Judge Merwin, commenting upon the case last cited, said: " In *Cogswell* v. *N. Y., N. H. & H. R. R. Co.* (105 N. Y. 319) it was very distinctly stated that an action like the present one was not within section 968. And although the facts of that case did not apply the rule to the case of a defendant, still the rule was broadly enunciated and should be followed by this court."

We are of opinion that this rule should be applied to both the plaintiff and defendant, as it is clear that the present case is not contemplated by section 968, and is not distinguishable from actions in equity to restrain the operation of an elevated railroad and for damages, in which the latter is merely incidental and alternative and the defendant is not entitled to a jury trial in fixing the amount.

We are also of opinion that the dismissal of the complaint cannot be sustained.

In a recent case this court referred to the settled rule which is established by a long line of authorities, as follows : " The Appellate Division, upon reversing a judgment of the trial court, where there was an issue of fact, cannot render final judgment in favor of the appellant, but must grant a new trial unless the facts are conceded, or are established by written instruments, or are found in full by the trial judge, or the evidence is not only undisputed, but diverse inferences cannot be drawn therefrom, and it is manifest that no evidence can be produced which will entitle the respondent to recover." (*Ross* v. *Caywood*, 162 N. Y. 262. See, also, *Astor* v. *L'Amoreux*, 8 N. Y. 107 ; *Edmonston* v. *McLoud*, 16 N. Y. 543 ; *Schenck* v. *Dart*, 22 N. Y. 420 ; *Cuff* v. *Dorland*, 57 N. Y. 560, 564 ; *Whitehead* v. *Kennedy*, 69 N. Y. 462, 468; *Snyder* v. *Seaman*, 157 N. Y. 449 ; *New* v. *Village of New Rochelle*, 158 N. Y. 43 ; *Lopez* v. *Campbell*, 163 N. Y. 340.)

The findings of the trial judge are based upon a sharp conflict of evidence and the dismissal of the complaint was clearly error under the above rule.

The appellant insists that if we reverse the judgment of the Appellate Division a new trial ought not to be ordered, but the judgment of the Special Term should be affirmed.

This contention cannot be sustained on the facts as presented by this record. At the trial the evidence was conflicting, and it cannot be said that there was no evidence warranting the reversal of the Special Term judgment.

In *Otten* v. *Manhattan Railway Co.* (150 N. Y. 395, 400) the rule governing this situation is discussed by Judge Vann. After pointing out that this court has no power to review a question of fact in a civil case, that our jurisdiction is limited both by the Constitution and statute to questions of law, and that where the Appellate Division affirms unanimously upon the facts, we cannot look into the record to ascertain if there is evidence sustaining the findings, he says :

"When the Appellate Division reverses upon the facts there is no constitutional inhibition, and a question of law arises as to whether there was any evidence to support the view of that court. If it appears that there was any material and controverted question of fact, the decision thereof by the Appellate Division is final.    *    *    *    Whether there is a question of fact in the case is always a question of law, depending possibly upon a conflict of evidence and possibly upon conflicting inferences which may be drawn from uncontradicted evidence. Unless there was a material question of fact the reversal was an unlawful exercise of judicial power, and constituted an error which may be corrected by this court." (*Edson* v. *Bartow*, 154 N. Y. 199, 217.)

As the Appellate Division dealt with a question of conflicting evidence, we cannot review its decision on the facts.

The judgment appealed from should be so modified as to order a new trial, the costs at Special Term and in the Appellate Division to abide the event, and as so modified affirmed. The costs in this court should also abide the event.

Haight, Vann, Cullen and Werner, JJ., concur with Parker, Ch. J. ; O'Brien, J., concurs with Bartlett, J.

Judgment accordingly.