## WHALEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. May 1, 1903.)

1. COMPLAINT—REFUSAL OF UNNECESSARY AMENDMENTS.

Though, after service of summons and complaint alleging unlawful interference with the waters of a stream, and asking for injunction and for damages, defendant restores the stream to its former condition, an amendment of the complaint, so as to ask only for damages for past injuries, is properly denied as unnecessary; the jurisdiction not being affected by the change of condition, and plaintiff being entitled to a jury trial.

Appeal from Special Term, Nassau County.

Action by John W. Whaley against the city of New York. From an order denying a motion to amend the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

George Wallace, for appellant.

R. Percy Chittenden (James McKeen; on the brief), for respondent.

HOOKER, J. The plaintiff alleged in his complaint that the defendant had, by certain unlawful acts, interfered with the flow of water in Freeport creek, and demanded judgment that the defendant be enjoined from maintaining and operating its works and stations in such a manner as to divert the waters from that creek, and for the sum of $20,000 damages to his business and property already incurred and sustained, and for the permanent loss and damage which would be sustained if the defendant should be allowed to maintain the said works. Subsequent to the service of the answer—there had been no trial—the defendant restored the waters of the creek, so that in its present condition the plaintiff is not damaged. He moved, at Special Term for permission to amend his complaint, striking out his demand for injunctive relief, and asking for the sum of $6,000 and interest as damages for his past injuries. The learned court at Special Term exercised its discretion against the plaintiff, who appeals from the order denying the motion.

We think that the order made by the court below should be sustained on the one ground, if for no other reason, that the relief asked for by the plaintiff in his motion is unnecessary. It seems to be admitted, and we think quite properly so, that the complaint, as it stands, alleges an equitable cause of action. The mere fact that when the plaintiff comes to trial he will find himself unable to obtain any injunctive relief, on account of the cessation of the acts to restrain which the action was brought, is no reason why a money judgment for the amount of his proper damages, if any, should not be awarded to him. Equity obtained jurisdiction in this case upon the service of a summons and complaint which alleged an equitable cause of action, and will not be divested of that jurisdiction by the discontinuance of the acts complained of. The principle has been asserted by the courts of this state so often that there is no longer room for doubt. "It is a familiar principle that a court of equity, having obtained jurisdiction of the parties and the subject-matter of the action, will adapt its relief to the exigencies of the case. It may order a sum of money to be paid to the plaintiff, and give him a personal judgment therefor when that form of relief becomes necessary in order to prevent a failure of justice, and when it is for any reason impracticable to grant the specific relief demanded." Valentine v. Richardt, 126 N. Y. 277, 27 N. E. 255. To the same effect are Murtha v. Curley, 90 N. Y. 372; Van Rensselaer v. Van Rensselaer, 113 N. Y. 208, 21 N. E. 75; Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55, 4 Am. St. Rep. 436; Van Allen v. N. Y. El. R. Co., 3 Misc. Rep. 53, 22 N. Y. Supp. 704; Smith v. Ingersoll-Sergeant Drill Co., 7 Misc. Rep. 374, 27 N. Y. Supp. 907.

If the plaintiff can establish that at the time of the commencement of his action he was entitled to equitable relief, he is privileged to have his damages ascertained in this action, without the necessity of amending his complaint or withdrawing from equity and commencing an action at law. The recent case of McNulty v. Mt. Morris El. Light Co., 172 N. Y. 410, 65 N. E. 196, has come to our notice in connection with this appeal. It decides, where a legal claim for damages has been joined, for the purpose of avoiding a multiplicity of suits, with an action for an injunction to restrain a nuisance, and where before the trial circumstances have occurred which divest the action of all equitable features, the defendant is entitled to a trial by jury. This is not a decision of the question now under consideration, but adds the force of its holding, which is not a little, to the conclusion we have reached. Were this a motion to have the action tried before a jury, the same question would be presented; yet it logically follows that if, under the doctrine of this case, a party is entitled to a trial by jury of the legal question of damages, where the equitable considerations have disappeared since the commencement of the action, an amendment of the complaint to effect the same result is quite unnecessary.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur; BARTLETT and HIRSCHBERG, JJ., in result.