## BELLINGER v. GERMAN INS. CO. OF FREEPORT.

(Supreme Court, Appellate Division, Second Department.  June 24, 1904.)

1. INSURANCE—AWARD—SETTING ASIDE—EQUITABLE ACTION—RETENTION OF JURISDICTION.

Under an insurance policy providing that no action shall be sustained until after full compliance by the insured with its requirements, and requiring that an award of appraisers shall become payable 60 days from the receipt of the appraisers' certificate, where an equitable action to set aside an award, and to recover the full amount of the insurance, on the ground that the appraisement was unfair, is instituted before the expiration of 60 days, the court, on failure to establish the grounds for equitable relief, cannot retain the cause, and give judgment for plaintiff for the amount found due by the appraisers, as the lapse of 60 days was a condition precedent to plaintiff's right to recover.

Jenks and Hooker, JJ., dissenting.

Appeal from Trial Term, Orange County.

Action by Charles H. Bellinger against the German Insurance Company of Freeport.  From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William D. Murray, for appellant.

Henry Bacon (Joseph Merritt, on the brief), for respondent.

WOODWARD, J.  On the 22d day of July, 1901, the defendant issued a New York standard policy insuring the plaintiff's premises against fire in the sum of $1,600.  On the 29th day of the same month the premises were destroyed by fire, and on the 6th day of September proofs of loss were served; and subsequently, under the terms of the policy, the plaintiff and defendant, with other insurance companies, entered into an agreement for an appraisal, resulting in an award on the 28th day of February, 1902, joined in by the two appraisers and the umpire selected by such appraisers, in which the defendant's liability was fixed at $1,450.83.  This award, under the terms of the policy, became due and payable 60 days from the receipt by the defendant of the certificate of the appraisers, or on the 28th day of April, 1902, and the policy prescribed by statute provides that "no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."  Notwithstanding the fact that the amount found by the appraisers was not payable until 60 days after the making and filing of the award, the plaintiff on the 7th day of April, 1902, began an equitable action to set aside the award of the appraisers, and to recover the full amount of the insurance under the policy, on the ground that the appraiser appointed by the company was prejudiced and unfair, and that advantage was taken of the plaintiff's appraiser in securing the award.

Upon the trial of the action the facts were not disputed, and the evidence failed to support the allegations of unfairness on the part of the defendant's appraiser.  The defendant, by its answer, as well as by its motion to dismiss the complaint, raised the question of the suf-

ficiency of the complaint, as well as of the proof, to establish a cause of action, no amount being due at the time of its commencement; but the learned court at Special Term, holding that the plaintiff had failed to establish grounds for equitable relief, retained the case, and gave judgment for the plaintiff for the amount found due by the appraisers. We are of opinion that this was error. The complaint does not allege, and the proofs do not show, that 60 days had elapsed from the time of completing the appraisal. This was a condition precedent to the right of the plaintiff to recover upon the policy in an action at law or in equity, and he could gain no right to recover upon the policy, in an equitable action to set aside the appraisal, without having first established the fraudulent character of such appraisal, and, failing in this, his right to any relief was at an end. He had stipulated, under the provisions of the law, that the sum should not be due until 60 days after the appraisal, where such appraisal was demanded. The defendant had a right, under this contract, to have an appraisal, and to have 60 days' time after the making of such appraisal. It may be, if the defendant had been guilty of fraud in making the appraisal, the court would have been authorized to set aside such appraisal, and to give the plaintiff permission to amend his complaint so as to state a complete cause of action. See section 723, Code Civ. Proc. But to permit one to set up a cause of action requiring equitable relief, and, when he has failed to establish a right to such relief, to retain the case for the purpose of granting relief to which he was not entitled, under his pleadings or his proof, either in equity or law, is extending the jurisdiction of equity beyond any point which is supported by reason or authority. If we strike from the case all of the allegations in reference to the alleged fraud of the defendant in selecting an unfair appraiser, the action becomes purely one to recover a sum of money, and the complaint does not state facts sufficient to constitute a cause of action of that character. There is no evidence to support the facts which were alleged as a basis for equitable interference, and it would be a most remarkable thing if a man could, by falsely alleging facts calling for equitable cognizance, gain a right to prosecute an action at law without alleging facts sufficient to constitute such a cause of action. In Maher v. Home Insurance Co., 75 App. Div. 226, 78 N. Y. Supp. 44—closely analogous to the case at bar— where the plaintiff failed to establish his equitable right to relief, the court held that the case should have been retained, and the plaintiff awarded judgment for the amount of the award; but there was no question in that case that the plaintiff had set forth and established by the evidence facts which would have entitled him to a judgment in an action at law. The court say:

"In the case at bar, all the issues were submitted to the court. All the facts necessary to sustain the plaintiff's claim for the full amount of his damages being averred in the complaint, and having been actually litigated upon the trial, the court should have awarded a personal judgment against the defendant for the amount appearing to be due. Whether it be deemed a legal or an equitable action, it is clear that such a judgment against the defendant would have been one consistent with the case set forth in the complaint, and embraced within the issues, and therefore such a one should have been granted."

It was a condition precedent of the plaintiff's right to recover at all that he should show that there was a sum due and payable at the time

his action was brought. He had himself agreed to this as a condition of invoking the aid of the courts, and he could not recover without alleging and proving that the cause of action had actually accrued at the time of serving the summons and complaint. Thrall v. Cuba Village, 88 App. Div. 410, 413, 84 N. Y. Supp. 661, and authorities there cited. His rights depended, after the failure of his equitable averments, upon the strength of his legal cause of action, and his complaint did not state the necessary facts, and his pleadings affirmatively showed that his action was brought before the time limited by his policy had expired. The defendant owed him no obligation on the 7th day of April, 1902, the day the action was begun, and his legal rights are to be determined as of that date.

It is undoubtedly true that, where the court obtains equitable jurisdiction, it may retain the case, and adjust the controversy up to the time of the trial. Whaley v. City of New York, 83 App. Div. 6, 7, 81 N. Y. Supp. 1043, and authorities there cited. But it may not do this where the equitable considerations fail, and the complaint does not state facts which entitled the plaintiff to a judgment at law. The judgment appealed from should be reversed.

Judgment reversed and new trial granted; cost to abide the event. All concur, except JENKS and HOOKER, JJ., who dissent.