UNITED STATES CASUALTY CO. v. ANDERSON ELECTRIC CAR CO.

(Supreme Court, Appellate Division, First Department.   March 3, 1916.)

1. JURY ☞13—RIGHT TO TRIAL BY JURY—LEGAL OR EQUITABLE ACTION.
   In an action by a casualty company under the subrogation clause in its policy, joining the owner of the insured electric car, although it had paid him for the damage thereto, with the garage company, whose chauffeur was operating it when damaged, where the insured dropped out as a party defendant, though no formal order of discontinuance was entered, the action was one at law, and the remaining defendant had a constitutional right to a trial by jury.

   [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 35–83;  Dec. Dig. ☞13.]

2. EVIDENCE ☞471—OPINION EVIDENCE.
   The chauffeur's testimony that just before he struck a post he discovered that something was wrong with the car's steering gear, and as to how the presumed difficulty manifested itself to him was admissible, though he could not see the gear which was under the floor of the car.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149, 2150;  Dec. Dig. ☞471.]

Appeal from Special Term, New York County.

Action by the United States Casualty Company against the Anderson Electric Car Company, impleaded, etc.   From a judgment in favor of the plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued before CLARKE, P. J., and SCOTT, SMITH, PAGE, and DAVIS, JJ.

Thomas M. Rowlette, of New York City, for appellant.
Carl Schurz Petrasch, of New York City, for respondent.

SCOTT, J.   The defendant George E. Maurer, a physician, owned an electric car which he kept in a garage belonging to the defendant Anderson Electric Car Company.   His agreement with the company was that one of its men should bring the car to his house in the morning, that he should use it during the day, and that when he had finished with it a man should come and take it back.

On the night of the accident Dr. Maurer had completed his day's work and telephoned to the garage for a man to be sent for the car and the defendant Anderson Company did send a chauffeur named Shea.   Shea started to the garage, and in going up Columbus avenue he collided with an elevated railroad post doing considerable damage.   The plaintiff, with whom Dr. Maurer was insured, paid the damage and then sued under the subrogation clause in its policy.   For some reason it joined Maurer as defendant in the action, although it had paid him, and put the action on the Special Term calendar as an equity cause.   When the case came on for trial, before any other proceeding had been had in the case, the defendant Maurer withdrew his answer.   Thereupon the defendant moved that the case be sent to the jury term for trial.   This was denied, and the court went on and tried the case, with the result that judgment was rendered in favor of the plaintiff against the Anderson Electric Car Com-

pany for the amount which plaintiff had paid to the owner of the car.

[1] Whether the action was properly brought in equity in the first place it is not necessary to determine, but it is clear that after Dr. Maurer dropped out as defendant the action remained one at law, and that defendant was within its constitutional rights in insisting upon a trial by jury. This seems to have been the effect of the decision in McNulty v. Mt. Morris Electric Light Co., 172 N. Y. 410, 65 N. E. 196. The fact that a formal order of discontinuance had not been entered is unimportant. For this reason alone the judgment must be reversed.

[2] Further than that, upon the trial the chauffeur who was driving the car attempted to testify that just before he struck the post he discovered that something was wrong with the steering gear. He was not allowed to testify to this, however; the court holding that he could not say that anything was wrong with it unless he had been able to see what the trouble was and of course, if the gear was under the floor, it was impossible that he could do that. Nor was he permitted to testify in what manner the presumed defect manifested itself to him. This also was error.

For both these reasons, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. Order filed. All concur.