THOMAS BARKER, Respondent, v. MILLIE SABATO, MARY SABATO, Also Known as MARY SCARAMALINO, Appellants, and CONNIE FERRARA, Defendant.— Order dated December 29, 1936, modified by striking therefrom the third and fourth decretal paragraphs and substituting in place thereof a direction that the trial of all the issues be had at Trial Term, and as so modified affirmed, with ten dollars costs and disbursements to appellant. It was error for the court to deny the motion of defendants to send the case to a jury for trial. (*McNulty* v. *Mt. Morris El. Light Co.*, 172 N. Y. 410.) In an action brought to secure equitable relief to which has been joined, as a mere incident, a legal claim for damages, when it appears that plaintiff is no longer a tenant, the action is thereby shorn of its equitable features, leaving nothing but a legal claim for damages, and the

appealing defendants are entitled to a jury trial of the issues, unless waived. In our opinion the defendants did not waive their right. Appeal from order dated March 19, 1937, dismissed, without costs. Carswell, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., dissents. The general rule is that a court of equity, having properly assumed jurisdiction, will grant relief, whether the same be legal or equitable. It may adapt its relief to the exigencies of the case; it may give to the plaintiff a money judgment simply, when that form of relief becomes necessary in order to prevent a failure of justice. (*Manhattan Life Ins. Co. v. Hammerstein Opera Co.*, 184 App. Div. 440; *Valentine v. Richardt*, 126 N. Y. 272.) *McNulty v. Mt. Morris El. Light Co.* (172 N. Y. 410) is not to the contrary.